```
COMP
LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
530 South Las Vegas Blvd., Suite 300
Las Vegas, Nevada 89101
(702) 386-0536; FAX (702) 386-6812
Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRINA BRITAIN, RONALD BROOKS, BRET CEGAVSKE, DENNIS CURRAN, IAN MASSY, KAREN PIXLER, ANTHONY SMITH, MICHAEL SMITH, ANTHONY VOGEL, and LAMONS WALKER<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, NEVADA<br><br>Defendant | Case No.<br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiffs Trina Britain, Ronald Brooks, Bret Cegavske, Dennis Curran, Ian Massy, Karen Pixler, Anthony Smith, Michael Smith, Anthony Vogel, and Lamons Walker (hereafter collectively referred to as "PLAINTIFFS") by and through undersigned counsel Adam Levine, Esq. of the Law Office of Daniel Marks and for the Causes of Action against Defendant Clark County alleges follows:

1. At all times material hereto Plaintiffs were residents of Clark County, Nevada.
2. At all times material hereto Defendant Clark County was a political subdivision of the State of Nevada and an employer within the meaning of 29 U.S.C. §203(d).
3. At all times material hereto Plaintiffs were employed by Defendant Clark County as Deputy Marshals and were employees within the meaning of 29 U.S.C. §203(e).

///

4. The United States District Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

5. Pursuant to NRS 3.100 the counties must provide the district courts with facilities, attendants, fuel, lights and stationery, suitable and sufficient for the transaction of court business. Deputy Marshals are Category I and Category II peace officers within the meaning of NRS Chapter 289 and are among the "attendants" provided by Clark County to enforce the law, transport prisoners, and provide security for all persons at the various facilities provided by the County for use by any courts. Pursuant to NRS 3.310 and NRS 4.353 those Deputy Marshals assigned to specific departments of the Eighth Judicial District Court and Clark County Justice Court are to be paid the same as any other county officer.

## COUNT ONE

### (Failure To Pay Compensation For Lunch Period)

6. Deputy Marshals work nine (9) hour shifts at their assigned facilities five (5) days per week.

7. Deputy Marshals are given one (1) hour for lunch which they are not compensated.

8. The lunch period is not at any set time. Based upon the needs of the judges in the facilities provided by Clark County, Deputy Marshals are frequently required to eat their lunches back in the judge's chambers or at a duty station. Deputy Marshals are required to remain in uniform during the lunch period. Deputy Marshals are required to respond to citizen inquiries even if they are on their lunch period. Deputy Marshals are required to remain in radio contact during their lunch period and are required to intervene in any violations of the law that they witness during their lunch period. Deputy marshals are not permitted to consume alcohol or smoke tobacco during the lunch period, are restricted from going to certain establishments during the lunch period, and are prohibited from gambling during the lunch period.

///

9. Other peace officers employed by Clark County under similar restrictions are compensated for their one (1) hour lunch period.

10. Based upon the restrictions placed upon the Plaintiffs during their lunch period, the one (1) hour lunch period does not constitute a bona fide meal period within the meaning of 29 CFR 785.19 and constitutes work time for the benefit of the Defendant.

11. The failure of Defendant to pay the Plaintiffs their regular hourly wage and/or overtime compensation for the one (1) hour lunch period violates the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

12. The Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. was willful and/or deliberate.

13. Plaintiffs intend to maintain this action as a collective action pursuant to 29 U.S.C. §216(b). Plaintiffs intends to maintain this action against Defendant for and on behalf of themselves and other Deputy Marshals who are not compensated for their one (1) hour lunch period.

## COUNT TWO

### (Failure To Pay Overtime Compensation For Attendance At The Law Enforcement Academy)

13. Plaintiffs restate the allegations of paragraphs 1 through 12 and incorporates them herein by reference.

14. In 2010 Plaintiffs were Category II Peace Officers under NRS Chapter 289. Due to statutory changes to NRS 3.310 and 4.353 Deputy Marshals are required to be Category I Peace Officers.

15. Clark County contracted with Excel Training Solutions, LLC to hold a Law Enforcement Academy (hereafter "the Academy") to advance Plaintiffs to Category I Peace Officer status.

16. The Academy was held between March and October of 2010. After working a full nine (9) hour shift as a Deputy Marshall, Plaintiffs would report for the Academy

3

located in a classroom in the parking lot behind the Family Division of the Eighth Judicial District Court.

17. Academy instruction would last approximately four (4) hours per evening on scheduled days. On weekends the Academy would last 8-10 hours per day. The total time spent in the Academy per Plaintiff in class or in a training session wherein the Plaintiffs were not free to use time for personal pursuits within the meaning of 29 CFR 553.226(c) was 320 hours.

18. The hours which the Plaintiffs suffered to work by Clark County as a result of their attendance at the Academy exceeded the maximum number of hours permitted under 29 U.S.C. §207(k). Clark County failed and/or refused to pay Plaintiffs overtime compensation for the 320 hours of time at the Academy.

19. The failure of Clark County to pay Plaintiffs as set forth above violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

20. The Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. was willful and/or deliberate.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1. For compensation at 1½ times the Plaintiffs' hourly rate of pay for each of the 320 hours of Academy time;

2. For compensation at either their regular rate of pay or 1 ½ times their regular rate of pay for the uncompensated lunch hour;

3. For liquidated damages in an amount equal to the unpaid compensation owed to the Plaintiffs;

4. For interest due on all unpaid compensation and/or liquidated damages;

///
///
///
///
///

5. For attorneys fees and litigation costs incurred;

6. For such other and further relief as the court deems just and proper.

DATED this 13 day of July, 2012.

        LAW OFFICE OF DANIEL MARKS

        _____
        DANIEL MARKS, ESQ.
        Nevada State Bar No. 002003
        ADAM LEVINE, ESQ.
        Nevada State Bar No. 004673
        530 South Las Vegas Blvd., Suite 300
        Las Vegas, Nevada 89101
        (702) 386-0536; FAX (702) 386-6812
        Attorneys for Plaintiffs