# EXHIBIT "2"

# EXHIBIT "2"

**AFFIDAVIT OF ANTHONY VOGEL**

STATE OF NEVADA  )
        ) ss.
COUNTY OF CLARK  )

Anthony Vogel being first duly sworn does say and depose the following:

1. This affidavit is made in support of the Response to Clark County's Motion To Dismiss, the information contained herein is made upon first-hand knowledge except were stated upon information and belief, and as to those matters I believe them to be true.

2. I am currently employed as a deputy marshal currently serving in an assignment as a judicially appointed marshal to Department S of the Eighth Judicial District Court, and am also the President of the Clark County Deputy Marshals Association ("CCDMA"). Prior to 2007 the CCDMA was known as the Clark County Deputy Sheriff's Association.

3. Prior to the 2007 amendments to NRS 3.310 and 4.535, 2007 all law enforcement personnel assigned to Eighth Judicial District Court and Las Vegas Township Justice Court for security purposes held the title of Deputy Sheriff – Bailiff. Badges were issued through the office of the Clark County Sheriff. Bailiffs assigned to District Court had identification that stated "Las Vegas Metropolitan Police Department", and bailiffs assigned to Justice Court had identification that stated "Clark County Sheriff's Office." The back side stated "This is to Certify that the person described hereon is a duly appointed and regularly compensated Peace Officer, Bailiff, empowered with all the powers of a Peace Officer and Bailiffs of a Court as prescribed by Nevada Statutes. *By Order of the Clark County Sheriff*." True and correct photographs of these badges as they existed prior to the 2007 amendments to the statutes cited above are attached hereto.

4. Upon information and belief, prior to the 2007 amendments to NRS 3.310 and 4.353 all Deputy Sheriff's were required to be processed through Clark County Human Resources Department and be finger printed along with meeting the minimum POST

hiring standards for a peace officer in the State of Nevada. All new hire Deputy Sheriff -- Bailiffs were required to go to the Las Vegas Metropolitan Police Department ("LVMPD") Personnel Bureau to be fitted and issued LVMPD uniforms with patches of the Clark County Sheriff.

5. After the 2007 amendments became effective, the Clark County Sheriff was relieved of the statutory obligation to attend all sessions of the District Court either in person or through a Deputy. The 2007 amendments permitted a judge to appoint a deputy marshal instead of a bailiff in any County whose population is 700,000 or more.

6. After the 2007 amendments, the bailiffs in both the Las Vegas Township Justice Courts and the Eighth Judicial District Court were re-designated as "deputy marshals". Badges designating bailiffs as being under the Office of the Sheriff were replaced with badges issued by Clark County. Clark County further provided marshals with uniforms which stated "Clark County Deputy Marshal" which were obtained from Las Vegas Metropolitan Police Department Supply. True and correct copies of photographs of the new badges and uniforms identifying marshals as operating under the authority of Clark County are attached hereto.

7. Notwithstanding the re-designation as Deputy Marshals, Clark County Human Resources Department still classifies us as bailiffs. Attached hereto is a true and correct copy of a recent Job Bulletin posted by Clark County Department of Human Resources printed August 16, 2012 for a bailiff (Deputy Marshal) position.

8. Deputy marshals are referred to as either as either "administrative" or "judicial". A "judicial" marshal is a marshal who has been appointed to a courtroom assignment by a judge pursuant to NRS 3.310 or 4.353. Those marshals responsible for the security gates, building patrol, and all other duties are referred to as "administrative". However, judicial marshals perform the assignment of administrative marshals when there is insufficient staffing, and administrative marshals perform the duties of judicially assigned marshals when a judicially assigned marshal is on leave or on vacation.

9.    On March 16, 2010 the Clark County Board of Commissioners recognized the CCDMA as an employee organization pursuant to NRS 288.160. A true and correct copy of that agenda item is attached hereto. The agenda item recognizing the CCDMA required the administrative deputy marshals to "acknowledge that they are employees of Clark County and not the Courts." It is the position of the CCDMA that all deputy marshals, whether assigned to administrative or judicial posts, are employees of Clark County.

10.   The Courts have no power to hire deputy marshals. Attached hereto is a true and correct copy of a June 6, 2012 letter from Court Executive Officer Steven G. Grierson to Assistant County Manager Jeff Wells requesting that Clark County authorize eight (8) new marshal positions. Also attached hereto is a true and correct copy of the Clark County Board of Commissioners Agenda Item 74 for September 8, 2012 which sought to reclassify five (5) existing, vacant, funded non-District Court positions into full-time marshal positions.

11.   The Courts have no power to set the compensation of deputy marshals. Our pay schedule is set by Clark County. The provisions of NRS 3.310 and 4.353 provide that the Board of County Commissioners is to set the compensation for marshals. Attached hereto is a copy obtained by former CCDMA President George Glasper of the September 15, 2008 memorandum from Clark County Director of Human Resources Jesse E Hoskins to former Clark County Manager Virginia Valentine addressing compensation for "bailiffs". As of this date, the bailiffs had already been re-designated as deputy marshals. As recently as April 19, 2011 the CCDMA was informed by Clark County Human Resources Director Jesse Hoskins, that marshals would be subject to a two percent (2%) wage reduction and salary scale change applicable to non-union and exempt employees.

12.   Following the March 16, 2010 Board of County Commissioners recognition of the CCDMA as an employee organization for collective bargaining, the some of the judges of the Eighth Judicial District Court and Las Vegas Township Justice Court refused to

recognize Clark County as the employer of marshals. Instead, some judges asserted that the Court was the employer. Attached hereto is a true and correct copy of the signatures of those certain Justices of the Peace who recognize deputy marshals as employees of Clark County. No such list designating the split among the judges of the Eighth Judicial District Court is available.

13.    As a consequence of the split among the judges with regard to recognition as to whether marshals are County employees, and in order to provide some interim job protection to its members, the CCDMA entered into a Memorandum of Understanding ("MOU") with the Eighth Judicial District Court on September 26, 2011which sought to have the Court subject to the provisions of NRS Chapter 288, and which mirrored a collective bargaining agreement. A true and correct copy of the MOU is attached as an exhibit to Clark County's Motion To Dismiss.

14.    The Las Township Vegas Justice Court refuses to recognize the M.O.U. Attached hereto is a true and correct copy of the letter from Karen Bennett-Haron advising affiant that the M.O.U. was rejected 10-1.

15.    More significantly, Clark County has refused to recognize or give effect to the MOU. On July 9, 2012 Deputy Marshal Ronald Fox was terminated from his employment. On July 13, 2012 I made a request as President of the CCDMA for a Step 2 hearing pursuant to Article 13 Section 12 of the MOU which addresses "Grievance and Disciplinary Procedures". The MOU provides for a Step 2 appeal to be filed with "the Clark County Human Resources Director as a representative of the County." (See MOU at p. 10). On July 17, 2012 Clark County Human Resources Director Jesse Hoskins sent me a letter declining to proceed to a Step 2 to on the grounds that the Board of County Commissioners had not approved the MOU. On September 4, 2012

///
///
///
///

1    Director Hoskins sent another letter to me relating to Ronald Fox reiterating that Clark County

2    would not honor the MOU. True and correct copies of the July 17, 2012 and September 4,

3    2012 letters from Hoskins are attached hereto.

4    FURTHER YOUR AFFIANT SAYETH NAUGHT.

5

6                                                
                                                _____
7                                                ANTHONY VOGEL, President of CCDMA

8    SUBSCRIBED and SWORN to before me
     this 23rd day of October, 2012.
9

10

11   NOTARY PUBLIC in and for said
     COUNTY and STATE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRITTANI WELCH
Notary Public State of Nevada
No. 12-8891-1
My Appt. Exp. Sept. 24, 2016



**CLARK COUNTY**
Department of Human Resources
500 S. Grand Central Pkwy, 3rd Floor,
PO Box 551791
Las Vegas, NV 89155-1791
(702)455-4565
http://www.clarkcountynv.gov

**INVITES APPLICATIONS FOR THE POSITION OF:**
**BAILIFF**
Department Name: District Court
Exam Number: 06138

**SALARY**
$38,313.60 - $59,384.00 Annually

**OPENING DATE:** 08/14/12

**CLOSING DATE:** Continuous

**ABOUT THE POSITION:**

**The successful candidate will start at the minimum of the salary range unless otherwise approved by the County Manager.**

This examination will establish an Open Competitive and Promotional list to fill current and/or future vacancies that may occur within the next six (6) months or may be extended as needed by the Office of Human Resources.

Qualifying education and experience must be clearly documented in the "Education" and "Work Experience" sections of the application. Do not substitute a resume for your application or write "see attached resume" on your application.

**THIS RECRUITMENT MAY BE USED TO FILL TERM (LIMITED-PERMANENT) POSITIONS. THE SELECTED CANDIDATES WILL BE HIRED FOR A SPECIAL PROJECT OR DUTIES OF A LIMITED DURATION, AND BE REQUIRED TO SIGN A TERM OF EMPLOYMENT LETTER SPECIFYING CONDITIONS AND EXACT DATES OF EMPLOYMENT. THE SUCCESSFUL CANDIDATES WILL BE ELIGIBLE FOR BENEFITS DURING THE DURATION OF EMPLOYMENT.**

**MINIMUM REQUIREMENTS**

**Education and Experience: Equivalent to graduation from high school. Must possess a valid Nevada State P.O.S.T. Category II (or higher) certification at time of <u>application</u>. Additional experience in dealing with the public is desirable.**

**Working Conditions:** Wear a uniform as specified. Carry a firearm, chemical agent and meet and maintain applicable certifications.

**Licensing and Certification:** Specified positions may require possession of a valid Nevada Class C Driver's License. Must possess a valid Nevada P.O.S.T Category II (or higher) certification at time of <u>application</u>. Weapons qualification is required for duty weapon. Failure to

satisfactorily complete required training shall be proper cause for termination.

**In addition, appointed District Court and Las Vegas Justice Court judicial bailiffs must complete a valid Nevada P.O.S.T. Category I training program within eighteen (18) months from the date of hire.**

**Please Note: Applications submitted without a copy of the candidate's Nevada P.O.S.T. Category II certification or higher are incomplete and will not be considered. Certificates may be faxed to (702) 868-2577, or mailed/delivered to Clark County Human Resources, located within the Clark County Government Center, at 500 S. Grand Central Parkway, 3rd Floor, Las Vegas, NV 89155. Candidate's name, recruitment title, and exam number must be clearly wirtten on the Nevada P.O.S.T. certification.**

**Applicants with P.O.S.T. certifications outside the state of Nevada must provide documentation at time of <u>application</u> proving their certification meets Nevada P.O.S.T. Category II standards.**

**Background Investigation:** Employment is contingent upon successful completion of a background investigation that meets all requirements of Nevada Administrative Code 289.110. Periodically after employment background investigations may be conducted.

**Medical Examination:** Employment is contingent upon the results of a physical examination performed by our examining physician.

**Pre-Employment Drug Testing:** Employment is contingent upon the results of a pre-employment drug examination.

## EXAMPLES OF DUTIES

Monitors scanning equipment, books, prisoners at the bailiff station, security gate or in court as directed by the court. Maintains procedures to protect the safety of the judge and the court's property; protects all court personnel, attorneys, and visitors in the courts; maintains security of the jury during all phases of the trial. Calls court to order and maintains appropriate decorum in court whenever court is in session. Ensures potential witnesses are separated from jurors prior to and throughout trial. Takes emergency action and/or notifies emergency personnel as the situation warrants; may administer basic first aid or CPR if required. Transports detainees and assists transportation officers in moving detainees to and from the courtroom, holding cells and vehicles. Acts as liaison between the judge, attorneys, courtroom staff and the public in order to ensure the orderly conduct of court business. Opens and locks secured areas and facilities; sets up courtroom for operation. Contributes to the efficiency and effectiveness of the unit's service to its customers by offering suggestions and directing or participating as an active member of a work team. May execute warrants of arrest as assigned by the court. May perform general office support work, deliver or pick-up documents and other materials and assist the judge in other ways as instructed. May operate video recording equipment in the courtroom.

## PHYSICAL DEMANDS

Mobility to work in a typical office or court setting and use standard office equipment, strength to lift materials weighing up to 50 pounds, vision to read printed materials and a computer screen, and hearing and speech to communicate in person or over the telephone. Strength to effectively subdue and/or remove persons in difficult or emergency situations. Accommodation may be made for some of these physical demands for otherwise qualified individuals who require and request such accommodation.

**BAILIFF Supplemental Questionnaire**

\* 1.  Are you currently Nevada P.O.S.T. Category II, or higher certified?

❏ Yes   ❏ No

\* 2.  I understand that a copy of my Nevada State P.O.S.T. Category II (or higher) certificate or equivalent valid P.O.S.T. II (or higher) certificate from a qualifying reciprocity state must be submitted prior to the close of this recruitment or my application will be incomplete and not accepted. Copies of P.O.S.T. Certifications may be faxed to 868-2577 or mailed/delivered to Clark County Human Resources, Clark County Government Center at 500 S. Grand Central Parkway, 3rd Floor, Las Vegas, NV 89155. Candidate's name, recruitment title, and exam number must be clearly written on the documents.

❏ I understand that my P.O.S.T. Category II or higher certificate is a required document and must be received by the closing date and time posted on the job announcement.

\* 3.  I understand that applicants with P.O.S.T. certifications outside the state of Nevada must provide documentation at time of application proving their certification meets Nevada P.O.S.T. Category II standards. Reference at http://www.post.state.nv.us

❏ I understand that if I have a non-Nevada P.O.S.T. Certification I must provide documentation with my application that my certification meets Nevada P.O.S.T. Category II standards.

❏ N/A - I hold Nevada P.O.S.T. Category II or higher certification.

\* 4.  I understand that AT TIME OF HIRE I WILL BE REQUIRED TO PROVIDE originals or certified copies of the following documents: •Birth Certificate •Proof of U.S. Citizenship (if born abroad) •High School Transcript or GED Certificate AND GED Transcript •College Transcript •DD-214 or Statement of Service (if in the military) •Valid Driver's License (you maybe required to transport prisoners) •Social Security Card •All Legal Name Change Documents •Social Security Work History Report (10 years) •IAB (Internal Affairs Bureau) Clearance letter (Prior Law Enforcement Only)

❏ I understand the documents I will need at time of hire.

\* 5.  How many months experience do you have in dealing with the public as a Law Enforcement Officer such as Bailiff, Police Officer, or Marshall, etc.? (Maximum 10 points)

❏ No experience
❏ 0-6 months
❏ 7-12 months
❏ 13-18 months
❏ 19-24 months
❏ more than 25 months

\* 6.  How many months experience do you have providing a safe environment inside and outside of the courtroom in a court building? (Maximum 10 points)

❏ No experience
❏ 0-6 months
❏ 7-12 months
❏ 13-18 months
❏ 19-24 months
❏ more than 25 months

\* 7.  How many months experience do you have in booking and transporting detainees? (Maximum 10 points)

❏ No experience

- ❑ 0-6 months
- ❑ 7-12 months
- ❑ 13-18 months
- ❑ 19-24 months
- ❑ more than 25 months

* 8. How many months experience do you have monitoring scanning equipment such as; metal detection, x-ray scanners, and hand scanners? (Maximum 10 points)

- ❑ No experience
- ❑ 0-6 months
- ❑ 7-12 months
- ❑ 13-18 months
- ❑ 19-24 months
- ❑ more than 25 months

* 9. How many months experience do you have in writing incident reports? (Maximum 5 points)

- ❑ No experience
- ❑ 0-6 months
- ❑ 7-12 months
- ❑ 13-18 months
- ❑ 19-24 months
- ❑ more than 25 months

* 10. How many months experience do you have interacting with individuals from various socioeconomic, ethnic and cultural backgrounds? (Maximum 5 points)

- ❑ No experience
- ❑ 0-6 months
- ❑ 7-12 months
- ❑ 13-18 months
- ❑ 19-24 months
- ❑ more than 25 months

* Required Question

# CLARK COUNTY BOARD OF COMMISSIONERS
## AGENDA ITEM

| Issue: | **Recognition of Exclusive Bargaining Agent** | Back-up: |
|---|---|---|
| Petitioner: | Virginia Valentine, County Manager | Clerk Ref. # |

**Recommendation:**

**That the Board of County Commissioners recognize the Marshall's Association as an employee organization pursuant to NRS 288.160.**

**FISCAL IMPACT:**

None by this action.

**BACKGROUND:**

On September 15, 2009, the Board of County Commissioners directed staff to, "receive and submit all necessary documentation in order to recognize the Marshal's Association as a collective bargaining unit pursuant to NRS 288.160".

On February 17, 2010, all required documentation had been received by the Clark County Human Resources Director. The documentation submitted included: A copy of the Association's constitution and bylaws; a roster of the Association's officers and representatives, a written pledge not to strike against Clark County, and signed statements from a majority of the employees in the affected classification indicating their consent to be represented by the Clark County Courts Deputy Marshals Association (CCCDMA) – NAPSO/CWA Local #9110.

Based on the information submitted by the Association, the Association has petitioned the County to voluntarily recognize Judicial Marshalls under the local government employee association pursuant to NRS 288. Judicial Marshalls are at-will employees working under the direction of a judge pursuant to NRS 4.310 and 4.353. Staff has informed the Association that should the Association wish to have Judicial Marshalls be recognized in the local government association, then the County would require an agreement from the judges to convey the supervision and control to the County. Staff also informed the Association we need the administrative Deputy Marshalls to acknowledge that they are employees of Clark County and not the Courts.

Respectfully submitted,

Cleared for Agenda

_____
VIRGINIA VALENTINE, County Manager

**3/16/2010**

Agenda Item #

**88**

# CLARK COUNTY BOARD OF COMMISSIONERS
## AGENDA ITEM

| Issue: | Marshal Positions | Back-up: |
|---|---|---|
| Petitioner:   Jennifer P. Togliatti, Chief Judge District Court, and Steven Grierson, Court Executive Officer | | Clerk Ref. # |

**Recommendation:**

**That the Board of County Commissioners approve and authorize the County Manager to retitle or reclass five (5) existing, vacant, funded non-District Court positions into full time Bailiff (Marshal) positions and transfer said positions and funding into the budget of the Eighth Judicial District Court; or take any other action deemed appropriate. (For possible action)**

**FISCAL IMPACT:**

Amount:  Increase in general fund revenue estimated at between $37,500 - $75,000.
Fund #  1010.000
Fund Center:  To be determined by Clark County.
Description:  Retitle/Reclass five positions for the purposes of court security and transfer to District Court.
Added Comments:

**BACKGROUND:**

The Regional Justice Center (RJC) opened in the fall of 2005 and must screen and provide safe environment for approximately 5,000-6,000 visitors a day and almost 1.5 million visitors per year.  Administrative marshals are responsible for providing courthouse security.  In addition, administrative marshals are responsible for courtroom coverage, jail remands, medical responding, courthouse disturbances, emergency calls, bomb threats, judicial protection, high profile cases, and many additional duties.  Currently, the number of approved administrative marshal positions for the RJC is eighteen and there are thirty-two approved judicial marshals for the thirty two civil/criminal District Court Judges.  At this level of staffing, the court cannot consistently and adequately staff gate entrance scanners causing an unacceptable delay in entering the RJC, delaying hearings, increasing the likelihood of disturbances, decreasing law enforcement presence impacts, reducing catastrophic event response capability, and long wait times for entry into the RJC.

This request is the third of a three part approach to properly staff the marshals division.  The court is requesting five (5) positions.  In addition to RJC and Family Court campus security, the court proposes to use these additional marshals to open the south gate for entry by attorneys and jurors.  This effort would decrease the burden on the north gate by reducing congestion and provide responsible access for attorneys and jurors in order to maintain court efficiecies.  If this item is approved as presented, the Eighth Judicial District Court will agree to enter an administrative order reopening the south entrance of the Regional Justice Center to expedite entry for attorneys and jurors; impose a fee of $150 for expedited entry for attorneys and deposit the revenue into Clark County's general fund.  In addition, if this item is approved as written, the court also will agree to pay for design and capital improvements of the south entry of the RJC and the front entrance of the Family Court from security

funds located in fund 2830.  At this time, the court is estimating 250-500 attorney's will participate in the attorney entry program and renew annually.

Respectfully submitted,

Jennifer P. Togliatti, Chief Judge District Court, and Steven Grierson, Court Executive Officer

# Conversion of PT to FT Positions for Court Security

## COST OF 10 PART-TIME POSITIONS

~~~~~~~~PART TIME~~~~~~~

| Salary | | HRS | Rate | . | Total |
|---|---|---|---|---|---|
| One PT Marshal | | 1039 | $16 | | $16,624 |
| | | | | | $16,624 |
| **Benefits** | | | | | |
| Workers Compensation | | 1.00% | | | $166 |
| Medicare | | 1.45% | | | $241 |
| Unemployment Insurance | | 10.00% | | | $1,662 |
| | | | | | $2,070 |
| | | | | | $18,694 |

| PID | Master Cost Center | Cost Center Distribution | Sal & Ben | |
|---|---|---|---|---|
| 10056810 | 1160315 | 1160360 | $18,694 | 1 |
| 10056873 | 1160315 | 1160360 | $18,694 | 2 |
| 10020744 | 1160315 | 1160360 | $18,694 | 3 |
| 10056874 | 1160315 | 1160340 | $18,694 | 4 |
| 10056801 | 1160315 | 1160360 | $18,694 | 5 |
| 10056803 | 1160315 | 1160360 | $18,694 | 6 |
| 10056800 | 1160315 | 1160315 | $18,694 | 7 |
| 10056802 | 1160315 | 1160360 | $18,694 | 8 |
| 10058796 | 1160315 | 1160315 | $18,694 | 9 |
| 10056872 | 1160315 | 1160360 | $18,694 | 10 |
| | | Total | $186,937 | |

## COST OF THREE FULL-TIME POSITIONS

| Salary | HRS | Rate | Total |
|---|---|---|---|
| One FT Marshal | 2080 | $18.42 | $38,314 |
| | | | $38,314 |
| **Benefits** | | | |
| Retirement | 23.75% | | $9,099 |
| Other OPEB Expense | 7,705 | | $7,705 |
| Workers Compensation | 1.00% | | $383 |
| Medicare | 1.45% | | $556 |
| Unemployment Insurance | 0.10% | | $38 |
| Group Insurance | 8,600 | | $8,600 |
| | | | $26,381 |

| | | |
|---|---|---|
| Total for One FT Position | | $64,695 |
| Total for Three FT Positions | | $194,085 |

08/31/2012

# Clark County Courts
## September 1, 2012
## Calculation for AOC Billing of Supreme Ct Coverage Contract

| Schedule | No. of Hours | Average Hrly Rate | Annual Salary | PART TIME | TOTAL ANNUAL COST |
|---|---|---|---|---|---|
| Two Full-Time Marshals | 4160 | 18.42 | 76,627.20 | | 76,627.20 |
| | | | | | - |
| | | | 76,627.20 | | 76,627.20 |
| **Benefits** | | | | | |
| Retirement | 23.75% | | 18,198.96 | | 18,198.96 |
| Other OPEB Expense | 15,410.00 | | 15,410.00 | | 15,410.00 |
| Workers Compensation | 1.00% | | 766.27 | | 766.27 |
| Medicare | 1.45% | | 1,111.09 | | 1,111.09 |
| Unemployment Insurance | 0.10% | | 76.63 | | 76.63 |
| Group Insurance | 17,200.00 | | 17,200.00 | | 17,200.00 |
| Total Benefits | | | 52,762.95 | | 52,762.95 |
| Total | | | 129,390.15 | Total for 2 FT Marshals | 129,390.15 |

# Clark County Courts
## September 1, 2012
## Calculation for Cost to the Court of Supreme Ct Coverage Contract

| Schedule | No of Hours | Average Hrly Rate | Annual Salary | No of Hours | Hrly Rate | PART TIME | TOTAL ANNUAL COST |
|---|---|---|---|---|---|---|---|
| One Marshal from 7am - 4pm | 2080 | $18.42 | 38,313.60 | | | | 38,313.60 |
| One PT Marshal from 4pm - 7pm | | | | 780 | $16.00 | 12,480.00 | 12,480.00 |
| Lunch Relief (5hrs/wk x 52wks=260) | | | | 260 | $16.00 | 4,160.00 | 4,160.00 |
| | | | 38,313.60 | | | 16,640.00 | 54,953.60 |
| **Benefits** | | | | | | | |
| Retirement | 23.75% | | 9,099.48 | | | | 9,099.48 |
| Other OPEB Expense | 7,705.00 | | 7,705.00 | | | | 7,705.00 |
| Workers Compensation | 1.00% | | 383.14 | | | 0.00 | 383.14 |
| Medicare | 1.45% | | 555.55 | | | 0.00 | 555.55 |
| Unemployment Insurance | 0.10% | | 38.31 | | | 0.00 | 38.31 |
| Group Insurance | 8,600.00 | | 8,600.00 | | | | 8,600.00 |
| Total Benefits | | | 26,381.48 | | | 0.00 | 26,381.48 |
| Total Annual Estimated Salary & Benefits | | | 64,695.08 | | | 16,640.00 | 81,335.08 |
| | | | | | | Current Actual billing to AOC | 121,340.00 |

NOTE: Hrly Rate is minimum of Range

S:\Data\QPW\Supreme CourtSecurity ContractMarshal Cost Analysis for supreme ct 9-1-12

SUPREME COURT OF NEVADA
ADMINISTRATIVE OFFICE OF THE COURTS

CONTRACT NUMBER  10-294A

Budget and Category Number  1494 25

Contract Administrator  D. Albert

AMENDMENT No. 1
TO
INTERLOCAL AGREEMENT
Eighth Judicial District Court
No. 10-294A

**THIS AMENDMENT** is made and entered into this _28_ day of _June_, 2011, by and between the Supreme Court of Nevada (Court), by and through the Administrative Office of the Courts (AOC), and the Eighth Judicial District Court (EJDC).

## A.  Original Agreement

1.  On June 25, 2010, the parties entered into an Interlocal Agreement, a copy of which is attached to this Amendment and/or has been provided to the parties.  The original Agreement provides:

    - **Part One, Nature of Agreement, Section D(1)** provides: "This Agreement shall be effective upon execution by all parties.  The EJDC shall provide security services beginning no later than Thursday, July 1, 2010.  This Agreement shall expire on June 30, 2011, unless otherwise agreed and/or terminated pursuant to the provisions herein."

    - **Part Two, Administration and Notice, Section A(1) and B(1)** provides that the EJDC project manager shall be Lt. George Glasper.

    - **Part Five, Compensation/Reimbursement and Method of Payment, Section A(2)** provides: "The total maximum cost for all expenses anticipated pursuant to this Agreement, inclusive of extra services and travel related expenses, is in an amount not to exceed ONE HUNDRED SEVENTY THOUSAND DOLLARS ($170,000.00), more fully described" in A(2)(a)-A(2)(d).

## B.  Purpose of Amendment

1.  The purpose of this amendment is to extend the term of the agreement for an additional two years to allow for the continuance of security coverage for the Supreme Court.

2.  The parties agree the extension of time and additional funding are necessary in order to accomplish the goals and objectives of the original Agreement.

## C.  New Terms and Conditions

1.  New Expiration Date.  The parties agree that the services described in the original Agreement shall continue to be performed by EJDC for an additional two years.  This Agreement will expire on June 30, 2013, unless otherwise agreed.

2.  EJDC Project Manager.  The project manager for EJDC shall be Robert S. Bennett, Security Director, Clark County Courts, Marshal Division, 200 Lewis Avenue, Las Vegas, Nevada 89155, phone 702-671-4568, fax 702-671-4548, and email bennettr@clarkcountycourts.us.

3.  Additional Compensation.  The total maximum cost for all expenses anticipated pursuant to this Amendment shall be TWO HUNDRED TWO THOUSAND SIX HUNDRED EIGHTY DOLLARS (\$262,680.00).

    a.  For each fiscal year, AOC will pay EJDC, as full compensation for routine, on site services rendered, the total amount not to exceed ONE HUNDRED TWENTY-ONE THREE HUNDRED FOURTY DOLLARS (\$121,340.00), as calculated at a monthly rate of \$10,111.60.

    b.  For each fiscal year, AOC will pay EJDC for extra services requested, if any, which are performed off-site and after hours, as described in the original Agreement, the maximum amount of TEN THOUSAND DOLLARS (\$10,000.00), which includes travel costs incurred for extra services.

**D.  Effect**

1.  This Amendment, while providing for an extension of time, additional services and compensation therefore, does not affect and/or should not be interpreted as inconsistent with, the remaining terms and conditions in the original contract, as amended, unless specifically provided for herein.

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment as of the date first above written.

**ADMINISTRATIVE OFFICE OF THE COURTS**
**NEVADA SUPREME COURT**

By: _____
    ROBIN SWEET
    Director
    Dated: _____

**CLARK COUNTY COURTS**

By: _____
    STEVE GRIERSON
    Chief Executive Officer
    Dated: _____

Amendment No. 1
Interlocal Agreement, No. 10-294A
Security Services
FY 2012 and FY 2013, Page 2 of 2

RS
SG



# CLARK COUNTY COURTHOUSE
## 200 Lewis Avenue
## Las Vegas, Nevada 89155



Eighth Judicial District Court
(702) 671-4528

Las Vegas Justice Court
(702) 671-3100

February 1, 2006

Liz Quillen
Assistant Court Manager
County Manager's Office, 6th Floor
Clark County Government Center
500 Grand Central Pkwy.
Las Vegas, Nevada 89155

Dear Liz:

The District and Justice Court Judges reviewed the issue of bailiff compensation at recent district-wide meetings, and the judiciary unanimously directed this office seek a compensation study of all Clark County bailiffs, including senior and supervisory bailiff positions. We are seeking your assistance in facilitating a formal comprehensive job audit of the bailiff classifications.

It has long been the opinion of this court that bailiffs are sorely under compensated as compared with their counterparts in the Municipal Courts and Detention Center. The recent transition to the Regional Justice Center (RJC) provides further evidence that substantial new job duties and responsibilities for the bailiffs in urban courts now exist. The bailiffs in urban court facilities are the anchor, or lead, security entity for their facility and responsible for overall building security, both internal and perimeter. Urban court facilities are now multi-jurisdictional, multi-level, secured facilities, which requires effective coordination of the various organizations as well as other law enforcement agencies that may reside on the campus. In addition to their responsibility for overall facility security, the bailiffs are now required to engage in the following activities:

- Interface with an increasingly diverse consumer base, including litigants from Municipal, Justice, District, Nevada Supreme Court, and the District Attorney's Office;
- Respond to all duress and fire alarms, medical, and other building or campus emergencies;
- Increased prisoner remands into custody;
- Provide after hours "security escorts" to parking facilities for jurors, court staff, litigants, and the general public;

Page 2 of 2
RE: Bailiff compensation
February 1, 2006

- ○ Provide security support for all ceremonial events and activities at their facilities.
- ○ Staff a state-of-the-art security system and command center;
- ○ Expand facility security staffing until 12:00 a.m. (Monday through Friday and most Saturdays, 8:00 a.m. to 5:00 p.m.).

Given the extensive increase in bailiff duties and responsibilities, it is incumbent upon the administration of these justice facilities to ensure we recruit and retain the best qualified officers necessary to provide exceptional professional security commensurate with the demands of our complex facility and work environments. The security staff of these facilities must be up to the challenge of ensuring a safe environment for all who work in or visit our building.

In 2004, we authorized a similar request in support of the bailiffs who sought a compensation study. The enclosed memo reveals the Position Review Committee denied the request for a salary adjustment. To our knowledge, a formal classification/compensation evaluation of the bailiffs' pay in association with their job responsibilities was not an element of your review. The District and Justice Court Judges stand together in requesting that such a review, including analysis of the job duties and responsibilities of our bailiffs, occur.

Thank you for your attention to this matter.

Sincerely,


Charles J. Short
Court Executive Officer

CJS/pjh

cc:  Clark County District Court Judges
     Justice Court Judges, Las Vegas Township
     Don Burnett, Chief Administrative Officer
     George Steven, Director of Finance
     Michael Ware, Assistant Court Administrator, Civil/Criminal Division
     Brian Gilmore, Assistant Court Administrator, Family Division
     T.J. BeMent, Assistant Court Administrator, Justice Court
     LaDeana Gamble, Assistant Court Administrator, Justice Court
     Terri March, Court Administrator, North Las Vegas Justice Court
     Linda McArthur, Office Services Manager, Henderson Justice Court
     Anthony Tyler, Rural Court Administrator, Justice Court - Outlying

# MEMORANDUM
## Human Resources

**Jesse E. Hoskins**
**Director**

TO:             VIRGINIA VALENTINE, COUNTY MANAGER

FROM:           JESSE E. HOSKINS, DIRECTOR, HUMAN RESOURCES

STAFF CONTACT:  TIMOTHY L. NYE, SR. HR ANALYST, CLASSIFICATION/COMPENSATION

SUBJECT:        BAILIFF CLASSIFICATION SERIES STUDY

DATE:           SEPTEMBER 15, 2008

As requested, Clark County Human Resources (CCHR) was tasked with conducting a comparative study of Clark County Bailiff salaries and classifications from Clark County and other public entities/jurisdictions within our market area. The study utilized the following survey methodology:

- The survey measures and reports on salary range minimums and maximums, percentage differences between the two, level of job match (less, equal or more), job summarization, and justification/licensure requirements i.e. Peace Officer Standards and Training (P.O.S.T.)
- CCHR provided County turnover statistics for Bailiff positions
- CCHR verified the survey compensation and staffing data that was collected via telephone, email or web site research
- CCHR finalized the survey findings by September 19
- CCHR provided survey information on an MS Excel spreadsheet

The methodology identifies the following surveyed organizations, salaries, and classifications and the survey identifies those classifications that closely matches Clark County's Bailiff positions:

| Jurisdiction/Public Entity | Surveyed Classification |
|---|---|
| Clark County, NV | Bailiff (C25) |
|  | Senior Bailiff (C26) |
|  | Supervising Bailiff (C27) |
| California Organization of Police & Sheriffs (COPS) data | |
| Clark County, NV | Deputy Sheriff I |
|  | PD Investigator |
|  | Business License Investigator |
|  | Clark County Courts Marshal |
|  | District Attorney Investigator |
| Las Vegas Metro | Metro Corrections Officer |
| City of Las Vegas, NV | Municipal Court Marshal |
|  | Corrections Officer |
| City of Henderson, NV | Henderson Marshal (Municipal Court Marshal?) |
|  | Corrections Officer |
| City of North Las Vegas, NV | Marshal & Corrections Officer |
| City of Reno, NV | Reno Municipal Court Marshal** |
| Maricopa County, AZ (Phoenix Area) | Bailiff |
|  | Judicial Specialist |
| Pima County, AZ (Tucson Area) | Bailiff |

|  | No other levels |
|---|---|
| San Diego County, CA | Deputy Sheriff -Detentions/Court Services |
|  | Deputy Sheriff |
|  | Sheriff's Sergeant - Detentions |
| Denver County, CO | Judicial Assistant III |
|  | Judicial Assistant IV |
| Washoe County, NV (Reno Area) | Bailiff |
|  | Bailiff Supervisor |
| City of Las Vegas, NV | Municipal Court Marshal |
|  | Municipal Court Marshal Sergeant |
|  | Municipal Court Marshal Lieutenant |
| Dallas County, TX | Deputy Constable I |
|  | Deputy Constable II |
|  | Deputy Constable III |
|  | Deputy Constable IV |
| City of Houston, TX | Municipal Courts Security Officer |
| Harris County, TX (Houston Area) | Deputy VI |
|  | Deputy V |
|  | Deputy IV |
|  | Deputy III |
|  | Deputy II |
|  | Deputy I |
|  | Senior Deputy |
| Tarrant County, TX (Fort Worth Area) | Bailiff, Judges - Courts |
|  | Bailiff, I, Assistant Jury - Jury Services |
|  | Bailiff, II, Assistant Jury - Jury Services |
|  | Bailiff, III, Assistant Jury - Jury Services |
|  | Bailiff - Jury - Jury Services (Manager) |
| Salt Lake City County, UT | Protective Services Officer I |
| King County, WA (Seattle Area) | Bailiff |
|  | Court Protection Deputy |
| Snohomish County, WA (Puget Sound Area) | Bailiff - District Court |
|  | Bailiff/Clerk - Superior Court |
|  | Bailiff/Clerk - District Court |
|  | Law Clerk/Bailiff |
| Transportation Security Administration (TSA) | Transportation Security Officer (entry level) |
|  | Transportation Security Officer (journeyman level) |
|  | See OPM locality pay table for location differential (Las Vegas TSO's locality pay equals 2.99%) |

**Attachment A represents survey results from the nineteen (19) jurisdictions which include twelve (12) counties, five (5) cities, one (1) metropolitan police department and one (1) federal agency. Our review and analysis has determined the following:**

- **Clark County (CC) compares favorably with all nineteen (19) jurisdictions and twenty-five (25) classifications**
- **Five (5) of the nineteen (19) jurisdictions are labeled COPS**
- **CC is slightly below average & median minimum and maximum salary ranges for all jurisdictions and positions surveyed**
- **CC's average and median range spread is slightly higher for all jurisdictions and positions surveyed**
- **CC exactly matches four (4) jurisdictions with regard to role and functions**
- **Average and median for minimum and maximum of salary ranges exceeded compared with exact matches**

- Average and median range spread higher for all exact matches

## Role of Clark County Bailiff/Marshal

- Bailiff/Marshal maintain security, safety and decorum in courts and associated public facilities
- Exact matches with four (4) other jurisdictions
- Classifications require P.O.S.T Category II or higher certification

## Role of Bailiffs In Other Jurisdictions

- Does not compare favorably with majority of those surveyed
- Peace officers in field service perform law enforcement duties, legal investigative work, serve warrants, subpoenas, summons, court orders, maintain custody/control of inmates in detention facilities, enforce laws, transport inmates, conduct arrests, patrol and apprehend individuals
- P.O.S.T. requirement ranges from no requirement to Category I, II, or III

## Clark County Bailiff/Marshal Attrition/Turnover and Applicant Flow

- CC attrition for 2007 – 14%, 2006 – 17.11% and 2005 – 17.24%
- Bailiff headcount increased from 58 in 2005 to 100 in 2007
- Excellent qualified applicant pool and selection rate for last two job postings
- Overall, no recruitment issues or problems

## Clark County Bailiff/Marshal Current Headcount

| Court Name | Classification | Part-Time | Limit-Perm | Full-Time | Total |
|---|---|---|---|---|---|
| District Court | Bailiff (C25) | 3 | 1 | 74 | 78 |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | 2 | 2 |
| Justice Ct–Las Vegas | Bailiff (C25) | | | | |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | 1 | 1 |
| Justice Ct–Henderson | Bailiff (C25) | | | 3 | 3 |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | | |
| Justice Ct – NLV | Bailiff (C25) | 2 | | 5 | 7 |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | | |
| Justice Ct – Outlying | Bailiff (C25) | 13 | | 1 | 14 |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | | |
| Total Headcount | Bailiff (C25) | 18 | 1 | 83 | 102 |
| | Senior Bailiff (C26) | | | | |
| | Supervising Bailiff (C27) | | | 3 | 3 |
| Grand Total Headcount All Bailiff Positions | | 18 | 1 | 86 | 105 |

## Initial Observation

Case 2:12-cv-01240-JAD-NJK   Document 18-2   Filed 10/24/12   Page 24 of 44

- CC Bailiff/Marshal compares favorably with most jurisdictions except in role and assignments, similar to Bailiffs performing higher level courtroom security and inmate transportation while other CC Bailiffs/Marshals take on security/scanning roles like TSA security screeners
- Consider movement of C25 Bailiffs performing courtroom security and inmate transport to Sr. Bailiff (C26), and change job title/schedule for those Bailiffs handling the security/screening role to Court Security Officer (C25 to C24).

## Final Recommendation

- For Marshals performing primarily law enforcement, supervision of screening functions at the RJC & Family Court Bldg and inmate transportation, duties support the following title/schedule upgrade: Bailiff, N46943, C25 to Sr. Bailiff, N46945, C26

- For Judicial Bailiffs performing normal courtroom security, keep those positions at the Bailiff, N46943, C25 level

- For Security/Scanning Bailiffs, support the following title/schedule downgrade: Bailiff, N46943, C25 to Court Security Officer, N46947, C24

If you require additional information, please contact Tim Nye at 455-2555.

Attachment A
TSA Locality Pay table

JEH/tln



# EIGHTH JUDICIAL DISTRICT COURT
### REGIONAL JUSTICE CENTER
### 200 LEWIS AVENUE
### LAS VEGAS, NEVADA 89155-2364

**STEVEN D. GRIERSON**
COURT EXECUTIVE OFFICER

(702) 671-4528
FAX: (702) 671-45

June 6, 2012

Jeff Wells
Assistant County Manager
500 S. Grand Central Pkwy.
Las Vegas, NV 89101

Re:   **Court Security and Operations**

Jeff,

    Based on our conversations regarding the addition of judicial marshals, the court did follow through on your request to review the assignments of judicial marshals for the week of May 14, 2012, see attached. It is clear to the court that adding no less than eight additional marshals is the minimum necessary for proper security and operation our facilities.

    As you know, the issue of the court's marshal manpower shortage is not new and we have been in discussion with the county for well over a year. This morning, our lines at the Regional Justice Center were around the building at Clark Street at 10:30 a.m. Any suggestion by county management that this is a 7:30am -9:00am problem is shortsighted. Judges are coming to the Chiefs office and my office asking what they can do to assist in the long lines on the street. Trials have been delayed because parties cannot get into the building. Judges are unable to conduct court proceedings without judicial marshals to assist and are calling self-represented litigants directly because they are standing in line trying to attend hearings. The Chief Judge has been micromanaging departments' judicial marshals for support. There is an incredible amount of anger mounting from the attorneys and citizens regarding these delays and the Chief has had more attorney complaints and citizens complaints in recent weeks then ever before in her 13 year career as a judge. The court is not functioning properly and these conditions are simply unacceptable. By mid-June, the temperatures will be in the 90's by mid-morning and long wait times around the block will be intolerable.

    Please understand that the Chief Judge has determined this to be critical and we need an immediate resolution. This issue will only get worse in January when all the judicial departments have courtrooms and they increase their calendars and trials. The Court is respectfully requesting that you authorize eight new positions for marshals.

Respectfully,

Steve Grierson
Court Executive Officer

Cc:     Chief Judge Jennifer P. Togliatti
        All District Court Judges



# Clark County Deputy Marshals Association
### 325 South Third Street, Box 1-180, Las Vegas, Nevada 89101
### www.ccdma.us

NAPSO/CWA LOCAL 9110/AFL-CIO

02-01-12

     We, the Justices of the Peace for Las Vegas Township in Clark County, Nevada, do hereby consent and agree to appoint the Clark County Deputy Marshals from within the ranks of Administrative Marshals that have been selected through the Clark County Human Resources competitive process.

     We also agree that any Deputy Marshal selected as a Judicial Marshal by a Justice of the Peace, will continue to maintain their status as an employee of Clark County, Nevada for all purposes, including, but not limited to application and hiring, disciplinary issues, promotions, grievances and arbitrations, compensation and all other powers and control commonly held by the County with respect to other County employees.

| | |
|---|---|
| Chief Judge Karen Bennett | Judge Deborah Lippis |
| Judge Joe Sciscento | Judge Janiece Marshall |
| Judge Melissa Saragosa | Judge William D. Jansen |
| Judge William Kephart | Judge Ann E. Zimmerman |

Page 1 of 2



**Clark County Deputy Marshals Association**
325 South Third Street, Box 1-180, Las Vegas, Nevada 89101
www.ccdma.us

**NAPSO/CWA LOCAL 9110/AFL-CIO**

02-01-12

    We, the Justices of the Peace for Las Vegas Township in Clark County, Nevada, do hereby consent and agree to appoint the Clark County Deputy Marshals from within the ranks of Administrative Marshals that have been selected through the Clark County Human Resources competitive process.

    We also agree that any Deputy Marshal selected as a Judicial Marshal by a Justice of the Peace, will continue to maintain their status as an employee of Clark County, Nevada for all purposes, including, but not limited to application and hiring, disciplinary issues, promotions, grievances and arbitrations, compensation and all other powers and control commonly held by the County with respect to other County employees.

 

_____
Judge Joe M. Bonaventure

                                  Judge Melanie Tobiasson

_____
Judge Eric A. Goodman

                                _____
                                  Judge Diana L. Sullivan

_____
Judge Suzan Baucum

                                  _____
                                  Judge Conrad Hafen

Page 2 of 2

**Landwehr, Shelly**

| | |
|---|---|
| **From:** | Togliatti, Jennifer |
| **Sent:** | Monday, January 09, 2012 9:16 AM |
| **To:** | All District 8 - Civil-Criminal - Judges; All District 8 - Family - Judges; All District 8 - Family - JEAs; All District 8 - Civil-Criminal - JEAs |
| **Cc:** | Grierson, Steve |

**Attachments:** LTR TO MARSHALS re MOU.pdf

Good Morning:

I am forwarding you a letter from the Justice Court to the Marshals' Association advising the Association that the Justice Court of Las Vegas Township declines to adopt the MOU that our Court previously agreed upon. I am providing this for your information.

Thank you.

1/9/2012



CHIEF JUDGE KAREN BENNETT-HARON

*Justice Court, Las Vegas Township*

REGIONAL JUSTICE CENTER
200 LEWIS AVENUE, TENTH FLOOR
BOX 552611
LAS VEGAS NV  89155-2511
(702) 071-3402 -- OFFICE
(702) 382-3059 -- FAX

January 5, 2012


Anthony Vogel
President
Clark County Deputy Marshals Association (CCDMA)
C/O Eighth Judicial District Court, Family Division—Dept. S
601 N. Pecos
Las Vegas, NV 89155

Dear Mr. Vogel:

On January 4, 2012, the Justices of the Peace voted on the proposed MOU during a closed judges' meeting.  The vote was taken by secret ballot.  Three judges did not attend the meeting. The remaining judges voted 10-1 to reject the proposed MOU.  Therefore, the proposed MOU will not become effective in the Las Vegas Justice Court.

Thank you for your patience and cooperation.

Sincerely,

Karen Bennett-Haron,
Chief Justice of the Peace

cc:     Justices of the Peace for the Las Vegas Justice Court
        Chief Judge Jennifer Togliatti
        Steve Grierson
        LaDeana Gamble
        Ed May
        Civil D.A. Robert Gower

# Office of Human Resources

500 S Grand Central Pky 3rd Fl • Box 551791 • Las Vegas NV  89155-1791
(702) 455-4565 • Fax (702) 384-1405

Jesse E. Hoskins, Director

July 17, 2012

Anthony Vogel, President
Clark County Deputy Marshals Association
325 South Third Street, Box 1-180
Las Vegas, Nevada 89101

President Vogel:

We received your request for a Step 2 termination meeting in accordance with the
Association and District Courts 2011 Memorandum of Understanding (MOU).

I must decline your request.  I have no authority to accept a Step 2 request from the
Association on behalf of the County Manager.  As I reviewed the MOU, it is clear the
Board of County Commissioner's have not approved the document.

If you have any questions, please contact me at 702-455-3514.

Sincerely,

Jesse E. Hoskins
Director, Human Resources

Cc:  Steve Grierson
     Aaron Grigsby
     Bob Bennett
     Rick McCann
     Barbara King
     Ed May

BOARD OF COUNTY COMMISSIONERS
SUSAN BRAGER, Chair • STEVE SISOLAK, Vice-Chair
LARRY BROWN • TOM COLLINS • CHRIS GIUNCHIGLIANI • MARY BETH SCOW • LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager

# Office of Human Resources

500 S Grand Central Pky 3rd Fl • Box 551791 • Las Vegas NV 89155-1791
(702) 455-4565 • Fax (702) 384-1405

Jesse E. Hoskins, Director

September 4, 2012

Anthony Vogel
Clark County Deputy Marshalls
325 South Third Street, Box 1-180
Las Vegas, Nevada 89101

Dear Mr. Vogel:

Clark County has agreed to provide a post-termination hearing to Ron Fox pursuant to the Merit Personnel System Procedures. Clark County has an agreement with the Court to provide employee relations services to its employees pursuant to the MPS. Although you requested a Step 2 Meeting on behalf of Mr. Fox, Clark County has no duty; contractual or otherwise to provide a Step 2 Meeting to Mr. Fox.

Further, Mr. Fox never requested a pre or post-termination hearing pursuant to the MPS, but in this case because you appear to have erroneously advised him in this matter, Clark County will waive the timeline in this case only.

Please be advised that Clark County will not waive timeline in other cases and will adhere to the timeline in the MPS; which is adopted by the Court. Clark County has not recognized the CCDMA and is not a party to the MOU between the CCDMA and the Eighth Judicial Court."

Sincerely,

Jesse E. Hoskins
Jesse E. Hoskins
Director, Human Resources

Cc:    Rick McCann, Executive Director
       NAPSO

BOARD OF COUNTY COMMISSIONERS
SUSAN BRAGER, Chair • STEVE SISOLAK, Vice-Chair
LARRY BROWN • TOM COLLINS • CHRIS GIUNCHIGLIANI • MARY BETH SCOW • LAWRENCE WEEKLY
DONALD G. BURNETTE, County Manager




LAS VEGAS METROPOLITAN POLICE DEPARTMENT

AMBER NEWCOMB



DEPUTY SHERIFF   EXP 12/09

DCR 199

CLARK COUNTY SHERIFF'S OFFICE

DEPUTY SHERIFF - BAILIFF



TRAVIS NEWCOMB   EXPIRES 10/08

DC# 541

This is to certify that the person
described heron is a duly
appointed and regularly
compensated Peace Officer
empowered to conduct
investigaitons and make arrests
as perscribed by NRS by order
of the Clark County Sheriff.

This is to Certify that the person described hereon is
a duly appointed and regularly compensated Peace
Officer , Bailiff , empowered with all the powers of
a Peace Officer and a Bailiff of the Court as
prescribed by Nevada Statutes.
By Order of the Clark County Sheriff

MATT TRAMMELL
P# 189   EXPIRES 12/09



DEPUTY SHERIFF

CLARK COUNTY
SHERIFF'S OFFICE

This is to Certify that the
person described hereon is a
duly appointed and regularly
compensated Peace Officer
empowered to conduct
investigations and make
arrests as perscribed by NRS
by order of the Clark County
Sheriff.









**CLARK COUNTY COURTS**

**DEPUTY MARSHAL**



Descri

Height: 5'7"
Weight: 185
Eyes: Blue
Hair: Blonde

Issued: 01-01-09



ANTHONY VOGEL

P # 250




