**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Trina Britain, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Clark County, Nevada,<br><br>　　　　　　　Defendant. | Case No.: 2:12-cv-1240-JAD-NJK<br><br>**Order Denying Without Prejudice Defendant's Motion to Dismiss [Doc. 13] and Plaintiffs' Motion for Approval of Collective Action Under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; For Count 1 of the Second Amended Complaint and for the Potential Members of the Collective Action and to Assist in Providing the Requisite Notice for Such an Action [Doc. 27]** |

Plaintiffs Trina Britain and her co-plaintiffs Karl Beavers, Ronald Brooks, Bret Cegavske, Billy Crank, Dennis Curran, Kevin Eckhart, Kenneth Hawkes, Randy Hawkes, Ian Massy, Ric Moon, Grajeda Nubia, Michael Petty, Karen Pixler, Eric Prunty, Anthony Russo, Tom Serrano, Anthony Smith, Michael Smith, Enrique Stiegelmeyer, Anthony Vogel, and Lamons Walker ("Plaintiffs") are deputy marshals in the Eighth Judicial District Court and the Las Vegas Justice Court who have brought allegations under the Fair Labor Standards Act ("FLSA"). Doc. 11 at 1.[1] All plaintiffs claim that they were not properly compensated for work performed during their 1-hour lunch periods in violation of 29 U.S.C. § 201 *et seq.* (Count 1). *Id.* at 2-3. Certain groups of plaintiffs have brought four additional claims for failure to compensate them for their participation in off-site training programs. Britain, Brooks, Cegavske, Curran, Randy Hawkes, Massy, Petty, Pixler, Anthony Smith, Michael

---

[1] Britain filed her Second Amended Complaint pursuant to stipulation on August 8, 2012. Docs. 9-11.

Smith, Vogel, and Walker claim that Defendant failed to pay them overtime compensation for their attendance at a "Category I Peace Officer Upgrade Academy" between June and October 2010, in violation of 29 U.S.C. § 207(k) (Count 2). *Id.* at 4-5. Eckhart, Kenneth Hawkes, Serrano, and Stiegelmeyer claim that Defendant failed to pay them overtime compensation for their attendance at a "Category II Peace Officer Academy" between October 2011 and February 2012, in violation of 29 U.S.C. § 201 *et seq.* (Count 3). *Id.* at 5-6.

Crank claims that Defendant failed to pay him "compensation" for attendance at a "Category II Peace Officer Academy Held by Department of Juvenile Justice Services," in violation of 29 U.S.C. § 201 *et seq.* (Count 4). *Id.* at 6. Finally, Nubia claims that Defendant failed to pay her "compensation" for attendance at a "Category I Peace Officer Academy Held by College of Southern Nevada," in violation of 29 U.S.C. § 201 *et seq.* (Count 5). *Id.* at 6-7. Plaintiffs seek various forms of "compensation" as relief. *See id.* at 7.

Clark County moved to dismiss the action, claiming primarily that it is not Plaintiffs' FLSA "employer," and that Plaintiffs should have sued the Eighth Judicial District and the Nevada Justice Court instead of Clark County. *See* Doc. 13.[2] Plaintiffs dispute that notion, arguing that, under the right circumstances, a plaintiff can have more than one FLSA "employer," depending on the degree of control exercised by an entity over the employee's conduct. Doc. 18. Plaintiffs then filed a motion for a collective action as to Count 1, *see* Doc. 27, which Defendants oppose on the grounds that Clark County was not plaintiff's "employer," and further, plaintiffs are not "similarly situated" in the aggregate. *See* Doc. 31.

On January 17, 2014, a stipulation was entered between Defendant and 15 of the 22 plaintiffs in this case: Massey, Pixler, Anthony Smith, Michael Smith, Vogel, Walker, Randy Hawkes, Kenneth Hawkes, Nubia, Petty, Serrano, Stiegelmeyer, Moon, Prunty, and Russo, Doc. 68, to dismiss with prejudice all the allegations they brought in Counts 2 to 5. The Court approved this dismissal. Doc. 69. As a result, the composition of Counts 1 and 4

---

[2] Defendants have attached several exhibits not specifically referenced in the Complaint and alternatively move for summary judgment if those exhibits are not excluded.

2

remain unchanged. However, Count 2 has been reduced from 12 plaintiffs to 4, and Count 3 from 4 plaintiffs to 1. Nubia's dismissal means that no plaintiff exists for Count 5, terminating that claim.

This significant shift in the makeup of the plaintiff class as to Counts 2 and 3 casts doubt on whether the motion to dismiss, and—more importantly—the response to the same, should be considered in their current form. Defendants' motion hinges in part on whether Clark County is an FLSA "employer" under 29 U.S.C. § 203(d).[3] Under the FLSA, "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." *Id.* This definition "is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009) (quotations omitted). This interpretation is made subject to an "economic reality" test, which considers whether the employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983). Evaluation of the relationship takes into consideration the "circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1974). An employee can have more than one FLSA employer as a matter of law. *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997).

Now that a significant number of the plaintiffs have elected to dismiss some of their claims, the plaintiffs remaining in this action—who are represented by the same counsel as those plaintiffs who settled—may find that the current arguments advanced in their papers work to their disadvantage in light of the holistic, circumstantial inquiry undertaken to define

---

[3] Defendant also brings, *inter alia*, a constitutional argument which could serve as an alternative basis for granting the motion.

an FLSA "employer."  In order to preserve the rights of these plaintiffs to present the evidence in light of this substantial change in claim makeup, the Court finds it provident to deny the motion to dismiss without prejudice, subject to re-filing in light of the changed constitution of the plaintiff class.  The Court also finds that consideration of the motion for approval of a collective action on the instant papers would be incomplete.  Plaintiffs' arguments may change as a result of the recent developments, and Defendants' arguments may change as a result of any arguments made in their new motion to dismiss, if they choose to re-file one.  Additionally, the Court is uncertain of the impact of the changed make-up of the plaintiff class on this motion.  Thus, the Court finds that the prudent approach, in light of this development, is to deny this motion without prejudice to its re-assertion with a new analysis of the impact, if any, of the stipulated dismissals.

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. 13] is **DENIED WITHOUT PREJUDICE.**

It is **FURTHER ORDERED** that Plaintiffs' Motion for Approval of Collective Action Under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; For Count 1 of the Second Amended Complaint and for the Potential Members of the Collective Action and to Assist in Providing the Requisite Notice for Such an Action [Doc. 27] is **DENIED WITHOUT PREJUDICE.**

The Court notes that the motion deadline is February 4, 2014.  Doc. 58.  It is **HEREBY ORDERED** that this deadline shall be extended to February 14, 2014, only for the filing of the renewed motion to dismiss and the renewed motion for collective action, if any.  The February 4, 2014 deadline still applies to any other motion.

DATED: January 24, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE