UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Trina Britain, et al., | 2:12-cv-01240-JAD-NJK |
| Plaintiffs | **Order Granting in Part and Denying in Part Motion for Conditional Certification of Collective Action, Approval of Collective-action Notice, Appointment of Interim Counsel for Collective-action Group, and Other Related Relief** |
| v. | |
| Clark County, Nevada, | |
| Defendant | [ECF 111] |

Bailiffs and deputy marshals in Clark County's Eighth Judicial District Court and Las Vegas Justice Court sue Clark County under the Fair Labor Standards Act (FLSA) for unpaid lunch periods during which they were required to work off the clock.[1]  Plaintiffs renew their motion for conditional certification of this case as a collective action and move for approval of the notice of this collective action, appointment of plaintiffs' counsel as interim counsel for the collective-action group, and other related relief.[2]  The County mainly focuses its response on the conditional certification issue,[3] but it does not convince me to depart from the findings that I made when I decided plaintiffs' previous certification motion.  I therefore conditionally certify this as a collective action, appoint plaintiffs' counsel as interim counsel for the similarly situated plaintiffs, approve the attached Notice of Your Right to Join Lawsuit Seeking Unpaid Wages and Opt-In Authorization forms, and direct the County to provide plaintiffs' counsel with names and last-known addresses for the potential members of this collective action.

---

[1] ECF 11.  The parties reached a partial settlement and only plaintiffs' lunch-break claim (count 1) remains.  ECF 69.

[2] ECF 111.

[3] ECF 115.

## Discussion

**A.     Conditional Certification**

The FLSA gives employees the right to sue their employer when they are not fairly compensated for their work.[4] Employees may sue individually or as part of a collective action under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated employees.[5] Whether to permit a collective action under the FLSA is within the court's discretion, and neither the Supreme Court nor the Ninth Circuit has defined "similarly situated."[6] I follow the courts in this circuit by considering certification[7] in two stages.[8]

---

[4] *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting *Overnight Motor Transport. Co. v. Missel*, 316 U.S. 572, 578 (1942) (internal quotation marks omitted) (quoting a message by President Roosevelt)); *see also* 29 U.S.C. § 206–07 (providing an employee with a right to sue against her employer when the employer fails to pay a minimum wage or overtime wages).

[5] *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004) (citing 29 U.S.C. § 216(b)); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000)) (citation omitted).

[6] *Leuthold*, 224 F.R.D. at 466 (citation omitted); *Small v. Univ. Medical Ctr. of S. Nev.*, 2013 WL 3043454, 2:13-cv-298-APG-PAL, at *1 (D. Nev. June 14, 2013).

[7] For purposes of this order, I use the terms "class" and "certification" in a colloquial sense, as the point at this stage is to approve the sending of a notice of a collective action to similarly situated employees, and no "class" is being certified under FRCP 23. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (noting that "certification" of a collective action is a device to facilitate notice to potential class members and does not actually "create a class of plaintiffs" for a FLSA collective action). "'Certification' is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case management' tool for district courts to employ in 'appropriate cases.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

[8] *Leuthold*, 224 F.R.D. at 466–67.

In the first stage, courts determine whether the potential class should receive notice of the suit.[9] Conditional certification "require[s] little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan."[10] "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."[11] It is inappropriate to weigh the merits of the underlying claims now; the issue is "whether potential opt-in plaintiffs may be similarly situated."[12] Because courts generally have limited evidence at this initial stage, the standard is lenient, and it typically results in conditional certification.[13]

In deciding plaintiffs' previous motion for conditional certification, I was "persuaded of the continued utility of the first-stage analysis in this case despite the fact that discovery has closed and the record is developed."[14] I reasoned that "[w]aiting until after the opt-in period has expired will permit a more robust analysis at the second stage" and I thus found "that only a first-

---

[9] *Id.* (writing that conditional certification is "based primarily on the pleadings and any affidavits submitted by the parties").

[10] *Benedict v. Hewlett-Packard Co.*, 13-CV-00119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014) (quoting *Villa v. United Site Services of Cal.*, No. 5:12-CV-00318-LHK, 2012 WL 5503550, at *13 (N.D. Cal. Nov. 13, 2012) (citation omitted); *see also Morton v. Valley Farm Transport, Inc.*, C-06-2933-SI, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[11] *Lynch v. United Servs. Auto. Assn.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted).

[12] *Id.* at 368–69 (citing *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated.")); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here.") (citation omitted)).

[13] *Leuthold*, 224 F.R.D. at 467 (citations omitted).

[14] ECF 109 at 9:3–4.

3

stage analysis is now required."[15] I also found that plaintiffs had demonstrated that the bailiffs and deputy marshals may be similarly situated.[16] But I ultimately denied the motion because too many issues were unresolved: (1) the scope of time for the collective action was unclear; (2) no draft notice was provided; (3) no method of service for the notice and consent-to-sue form was proposed; and (4) no request was made to appoint interim class counsel.

### 1. *First-stage analysis remains appropriate at this time.*

The County opposes plaintiffs' renewed conditional certification effort, arguing that I should apply the second-stage analysis rather than the first. A collective action fails under the stricter second-stage analysis, says the County, because the plaintiffs cannot carry their burden to show that they are similarly situated nor can the plaintiffs establish a basis for their FLSA claims. But the County is simply recycling arguments that I previously found unpersuasive, and on the same evidence I have already found that: (1) genuine issues of material facts preclude summary adjudication of the question of whether Clark County is the plaintiffs' employer under the FLSA,[17] (2) conflicting evidence precludes the finding that plaintiffs cannot prevail on the merits of their FLSA claim,[18] and (3) plaintiffs have demonstrated that the bailiffs and deputy marshals may be similarly situated.[19] Nothing in the County's response persuades me to reconsider or alter my previous findings. Accordingly, I consider plaintiffs' renewed motion under the more lenient first-stage analysis.

---

[15] *Id.* at 9:4–9.

[16] *Id.* at 9:12–10:3.

[17] *Id.* at 2–5.

[18] *Id.* at 5–7.

[19] *Id.* at 9–10.

### 2. *Conditional certification of the collective action is warranted.*

Applying the lenient standard for conditional certification and recognizing that only a modest showing is required at this preliminary stage,[20] I find that conditional certification of the lunch-period claim on behalf of all current and former bailiffs and deputy marshals who were employed at any state district-court or justice-court facility located in Clark County, Nevada, is warranted. Plaintiffs have provided sufficient evidence to support a finding that these individuals are similarly situated. At least fifteen deponents testified that they worked unpaid hours.[21] One deputy marshal attested that, because "[m]arshals are considered first responders in the event of an emergency[,]" at all times—even during lunch—they must remain in uniform, respond to citizen inquiries, respond to any incidents that occur, and remain in radio contact.[22] That same marshal also attested that, "[d]ue to short staffing at the facilities[,]" marshals are "sometimes required to eat lunch back by the judge's chambers or at a duty station."[23] He also attested that marshals are prohibited from certain activities during their lunch periods, e.g., drinking, publicly smoking, entering casinos, and gambling.[24] Each of these statements was supported by the testimony of one or more of numerous marshals and bailiffs who have been deposed in this case.[25] These averments suggest, at least at this preliminary stage, that plaintiffs were subject to a

---

[20] *Leuthold*, 224 F.R.D. at 467 (citations omitted).

[21] ECF 75-3–75-18.

[22] ECF 75-2 at 3 ¶ 5.

[23] *Id.*; ECF 86-5 at 9–10 (28:16–31:14 of the transcript); ECF 86-6 at 11 (34:23–37:21 of the transcript).

[24] ECF 75-2 at 3 ¶ 5.

[25] *See e.g.* ECF 75-3 at 4–5 (testifying that he worked unpaid lunch periods when he responded to calls or covered another area due to short staffing, and never left the premises during lunch because he would be inundated with citizen inquiries and incidents he would have to respond to); ECF 75-4 at 4–6 (testifying that he has to remain in radio contact during lunch periods and, because of "personnel staffing issues," is encouraged to assist at the gate or other areas instead of taking a lunch when his duties in the courtroom are completed); ECF 75-5 at 4 (testifying that he has to remain in uniform and in constant radio contact during lunch and respond when called);

county-wide pattern, plan, policy, decision, or practices that undergird plaintiffs' FLSA lunch-time violation claim alleged in the second amended complaint.

### 3. The three-year statute of limitations under 29 U.S.C. § 255(a) is an appropriate basis for the temporal scope of the conditionally certified collective action.

Plaintiffs argue that the collective action should reach back three years from the date of the complaint because there are allegations and evidence of willfulness—that the bailiffs and deputy marshals were discouraged from applying for overtime when they were required to work during lunch—and the statute of limitations under 29 U.S.C. § 255(a) for willful violations of the FLSA is three years.[26] The County responds that 29 U.S.C. § 255's two-year statute of limitations must be applied, arguing that plaintiffs' evidence is not sufficient to show that the County "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"[27]

---

ECF 75-6 at 4 (testifying that he is restricted by where and what he can do at lunch, and must remain in reasonable radio contact during that period); ECF 75-7 at 5–6 (testifying that he is restrained by where and what he can do at lunch, must remain in uniform, and respond to citizen inquiries, calls for assistance, and incidents during lunch); ECF 75-8 at 3 (testifying that he must remain in uniform, assist with calls for assistance, remain in radio contact, and respond to citizen inquiries during lunch); ECF 75-9 at 4 (testifying that he has to remain in uniform, remain in constant radio contact, and cannot refuse calls for assistance or citizen inquiries during lunch); ECF 75-10 at 3 (testifying that, during lunch, he would have to respond to calls for coverage at the main gate); ECF 75-11 at 3–4 (testifying that he often does not take a lunch because staffing issues require him to provide assistance at other areas); ECF 75-12 at 3 (testifying that, due to staffing issues, he often has to cover the scanner at the Phoenix building during his lunch period); ECF 75-13 at 3 (testifying that he is on call during lunch to respond to calls for assistance); ECF 75-15 at 3 (testifying that he must remain in contact via radio or cell phone and available to respond to calls for assistance during lunch); ECF 75-16 at 3–4 (testifying that he is obligated to perform police functions during lunch and prohibited from certain activities and locations); ECF 75-17 at 3–4 (same); ECF 86-7 at 10 (33:2–20 of the transcript) (testifying that he is obligated to perform police functions during lunch); ECF 75-18 (testifying that lunch periods are interrupted by courtroom duties).

[26] ECF 111 at 3.

[27] ECF 115 at 15 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

The record suggests that the violations may have been willful. Billy Crank, Jr. testified in deposition that overtime is a big issue for the County.[28] Ric Moon testified in deposition that "nobody really wanted to approve overtime."[29] Lamons Walker testified in deposition that he was discouraged from applying for overtime because it was always denied and he was informed that applying for overtime would not "do any good because you're not going to get paid."[30] William Beavers testified in deposition that he was discouraged from applying for lunch-related overtime with a "frown" and communication of disapproval of the practice.[31] Michael Petty testified in deposition that, as to lunch-related and other overtime requests, he was informed "we can't pay you overtime."[32] In his verified responses to the County's first set of interrogatories, Enrique Stiegelmeyer attested that at least five alleged County employees would not approve lunch-related overtime.[33] Eric Prunty testified in deposition that although he was not expressly told so, he understood that seeking overtime pay for lunch-period disruptions is "just something that's not done."[34] And Anthony Vogel testified in deposition that he informed County supervisors and directors around May 2011 that marshals should be paid for their lunch periods because they are required to remain on duty during those periods to respond to calls for assistance and to assist with staffing shortages, citizen inquiries, and court needs, but received no response or change in policy.[35]

---

[28] ECF 86-6 at 12 (40:11–23, 41:1–25 of the transcript).

[29] ECF 86-10 at 24 (86:6–12 of the transcript).

[30] ECF 75-10 at 4.

[31] ECF 75-11 at 8.

[32] ECF 75-9 at 3.

[33] ECF 86-1 at 8–9 (interrogatory No. 10 and answer thereto).

[34] ECF 86-2 at 12 (40:25–41:13 of the transcript).

[35] ECF 86-3 at 20 (70:6–72:9 of the transcript).

Although the County is correct that not all of the marshals and bailiffs testified that they felt discouraged from applying for overtime when their lunch periods were disrupted by their duties,[36] "[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."[37] Factual determination of the scope of the collective action can be appropriate at the second-stage analysis,[38] but we are not at that stage. And even the County's own authority clearly holds that "[i]t is the jury's province to decide which limitations period, two or three years, applies in light of the plaintiffs' evidence that the defendants acted willfully."[39] Plaintiffs have provided enough support to make the threshold showing required under the first-stage analysis, and I find that the proper temporal scope for this conditionally certified action is from July 13, 2009, to the present. Accordingly, I conditionally certify a collective action for the lunch-period claim on behalf of all current and former bailiffs and deputy marshals who were employed at any state district-court or justice-court facility located in Clark County, Nevada, from July 13, 2009, to the present.

**B.      Appointment of Interim Counsel for the Collective-Action Group**

The Law office of Daniel Marks seeks to be appointed as interim class counsel for the plaintiffs.[40] "Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."[41] Federal Rule of Civil Procedure 23(g)(3) provides that

---

[36] ECF 115-3 at 12 (41:12–15 of the transcript); ECF 115-7 at 13–14 (45:5–46:1).

[37] *Lynch*, 491 F. Supp. 2d at 368 (citation omitted).

[38] *Leuthold*, 224 F.R.D. at 467.

[39] *Bankston v. St. of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995).

[40] ECF 111 at 4–6.

[41] *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (gathering citations from around the country).

"[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Under Rule 23(g)(1), courts must consider four factors when appointing counsel "[u]nless a statute provides otherwise."[42] These four factors are:

1. the work counsel has done in identifying or investigating potential claims in the action;
2. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
3. counsel's knowledge of the applicable law; and
4. the resources that counsel will commit to representing the class.[43]

Under the federal procedural rules, courts "may [also] consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[44]

The County does not object to the Law Offices of Daniel Marks serving as interim counsel for the collective-action group,[45] and I find that each element is satisfied here. Based on the substantive work plaintiffs' counsel has already invested in this case, their stated experience in handling complex litigation, their attested experience handling the type of employee-rights claim that is asserted in this action, the knowledge of this legal area that they have already demonstrated in this case, and their attested commitment to providing the necessary resources to represent the plaintiffs in this collective action, I find that the Law Offices of Daniel Marks can fairly and adequately perform the role of interim class counsel for the putative class in this conditionally certified FLSA action.

---

[42] *Cf. id.*

[43] *Id.*

[44] FED. R. CIV. P. 23.

[45] ECF 115 at 16.

**C. Form of Collective-Action Notice**

When an FLSA collective action is conditionally certified, a district court may authorize the named plaintiffs to send notice to "all potential plaintiffs" and "may set a deadline for plaintiffs to join the suit by filing consents to sue."[46] Having determined at this initial certification phase that the current and former bailiffs and deputy marshals who were employed at any state district-court or justice-court facility located in Clark County, Nevada, from July 13, 2009, to the present are sufficiently similarly situated to receive notice of this FLSA collective action, I next turn to the form of the notice and of the opt-in authorization, both of which have been proposed by plaintiffs.[47]

The County has no substantive objection to the forms proposed by the plaintiffs.[48] I have a few substantive and several minor edits that must be made to the notice, but no edits to the opt-in authorization. First, the "court-authorized" statement that appears at the conclusion of the notice must be removed. I rely on *Hoffmann-La Roche Inc. v. Sperling*, in which the Supreme Court cautioned, "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."[49] I find that concluding the notice with a statement that the notice and its contents have been authorized by the court creates the appearance of judicial endorsement of this action instead of just the form of the notice. The final paragraph must be removed in its entirety. The notice should instead conclude with: "**Do not contact the court, the court's clerk, or the judge. They are not permitted to address your inquiries or questions.**" The note about judicial neutrality that appears in the now-excised final paragraph must appear on the first page of the notice, directly

---

[46] *Does I thru XXIII*, 214 F.3d at 1064 (citation omitted).

[47] ECF 111-1; ECF 111-2.

[48] ECF 115 at 15.

[49] *Hoffman-La Roche Inc.*, 493 U.S. at 174.

above the introduction section and in bold font state: "**Note: This notice is not an expression of any opinion by the court about the merits of any claims asserted by the plaintiffs or of any defenses asserted by the defendant as litigation is ongoing and those issues have not yet been decided.**" The notice attached hereto as Appendix A has been edited to reflect those and several other minor changes,[50] and is approved as to its form.[51] I have no edits to the consent-to-sue form submitted by plaintiffs (ECF 111-2), which is attached hereto as Appendix B, and that document is approved as to its form. Also approved is plaintiffs' request for a 60-day opt-in period, which begins to run on the date that the notice is mailed.

**D.     Manner of Service of the Notice and Consent Form**

Plaintiffs argue that service of the notice and consent form should be twofold: (1) direct mailing by first-class mail to the last-known address for all current and former bailiffs and marshals covered by the collective action; and (2) distribution of the notice by the Clark County Deputy Marshals Association ("CCDMA").[52] The County has no issue with the first form of service, but argues that I should not order the second form because plaintiffs have not specifically outlined how and where the notice will be posted or otherwise distributed by the CCDMA.[53] I agree with the County that the CCDMA-method of service is unclear, and plaintiffs have not demonstrated that something more than first-class-mail notice is necessary here. I thus deny the

---

[50] Other changes to the notice include, but are not limited to: (1) replacing "Notice of Lawsuit" title with the more descriptive "Notice of Your Right to Join Lawsuit Seeking Unpaid Wages"; (2) replacing "Consent to Join" with "Opt-In Authorization"—the title that plaintiffs gave to that document; (3) replacing "class" with "collective-action group"; (4) replacing the addressee and composition statements with the same phrasing employed in this order to define the collective-action group; (5) using "lawsuit" in place of "litigation," "case," or "action"; (6) using "submit" or "send" in place of "file" regarding the opt-in authorization form; (7) combining and reorganizing several sections; (8) adding a "For Additional Information" section; (9) adding a line for plaintiffs' counsel to insert the date; and (10) adding a "By" line with plaintiffs' counsel's signature block.

[51] Plaintiffs' counsel can contact Judge Dorsey's chambers to obtain a copy of the notice in WordPerfect format.

[52] ECF 111 at 3–4.

[53] ECF 115 at 15–16.

request for supplemental service of the notice and consent form by the CCDMA, but grant the request to serve these documents through first-class mail to the last-known address for all current and former bailiffs and marshals covered by the collective action.

E.     **County-provided Contact Information**

To effectuate service of the collective-action notices, plaintiffs renew their motion that I order the County to provide the last-known address for all of the current and former bailiffs and deputy marshals covered by the collective action.[54] The County confirms that it can provide a list of those names and last-known addresses.[55] Accordingly, plaintiffs' motion is granted; the County is ordered to provide plaintiffs' counsel with the names and last-known addresses for all current and former bailiffs and deputy marshals covered by the collective action in Microsoft Excel or a compatible electronic format by March 23, 2016.

## Conclusion

Accordingly, and with good cause appearing, IT IS HEREBY ORDERED that **plaintiffs' renewed motion for conditional certification of the collective action [ECF 111] is GRANTED in part and DENIED in part** consistent with this order;

IT IS FURTHER ORDERED that the County must provide plaintiffs' counsel with the names and last-known addresses for all current and former bailiffs and deputy marshals covered by the collective action in Microsoft Excel or a compatible electronic format **by March 23, 2016**;

IT IS FURTHER ORDERED that plaintiffs must serve, by first-class mail, the Notice of Your Right to Join Lawsuit Seeking Unpaid Wages and Opt-In Authorization forms attached hereto as Appendices A and B; and

IT IS FURTHER ORDERED that the Law Office of Daniel Marks is appointed as interim counsel for the collective-action group.

DATED: February 23, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[54] ECF 111 at 4.

[55] ECF 115 at 16.

# Appendix A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRINA BRITAIN, et al.,

    Plaintiffs

v.

CLARK COUNTY, NEVADA,

    Defendant

Case No. 2:12-cv-01240-JAD-NJK

### NOTICE OF YOUR RIGHT TO JOIN LAWSUIT SEEKING UNPAID WAGES

To: All current and former bailiffs and deputy marshals who were employed at any state district-court or justice-court facility located in Clark County, Nevada, from July 13, 2009, to the present.

Re: Fair Labor Standards Act ("FLSA") Lawsuit filed against Clark County, Nevada.

**Note: This notice is not an expression of any opinion by the court about the merits of any claims asserted by the plaintiffs or of any defenses asserted by the defendant as litigation is ongoing and those issues have not yet been decided.**

### I. WHY YOU ARE RECEIVING THIS NOTICE

The purpose of this notice is to inform you about the existence of a collective-action lawsuit, advise you of how your rights may be affected by this lawsuit, and instruct you on the procedure for participating in this lawsuit, should you choose to do so.

### II. DESCRIPTION OF THE LAWSUIT

On July 13, 2012, Plaintiffs Trina Britain, Karl Beavers, Ronald Brooks, Bret Cegavske, Billy Crank, Dennis Curran, Kevin Eckhart, Kenneth Hawkes, Randy Hawkes, Ian Massy, Ric Moon, Grajeda Nubia, Michael Petty, Karen Pixler, Eric Prunty, Anthony Russo, Tom Serrano, Anthony Smith, Michael Smith, Enrique Stiegelmeyer, Anthony Vogel, and Lamons Walker, who are or were deputy marshals employed at state-court facilities in Clark County, Nevada, initiated this lawsuit against Defendant Clark County. Plaintiffs allege that they were required to

work a nine-hour shift but only paid for eight hours because Clark County did not pay them for their one-hour lunch period.  Plaintiffs allege that, based on the restrictions placed on bailiffs and deputy marshals during their lunch periods, the one-hour lunch period does not constitute a "bona fide meal period" within the meaning of 29 CFR 785.19.  Plaintiffs further allege that they were required to work on their lunch periods without compensation.

Plaintiffs bring this lawsuit on behalf of themselves and all current and former bailiffs and deputy marshals who were employed at any state district-court or justice-court facility located in Clark County, Nevada, from July 13, 2009, to the present.

### III.  SUBMITTING AN OPT-IN AUTHORIZATION FORM

All persons seeking to join this lawsuit must send a completed Opt-In Authorization form to Plaintiffs' Counsel by U.S. mail, facsimile, or email.  For your convenience, a pre-addressed, stamped envelope is included with this notice for this purpose.  If you submit an Opt-In Authorization form and do not receive confirmation within 10 days from Plaintiffs' Counsel that your form was received, you are encouraged to follow up with Plaintiffs' Counsel to make sure that your Opt-In Authorization form was received.

To be valid, a written Opt-In Authorization form must be sent to, and received by, Plaintiffs' Counsel no later than _____, **2016**.

**It is entirely your own decision whether or not to join this lawsuit.**  You are not required to submit an "Opt-In Authorization" form or to take any action at all unless you want to. Federal law prohibits the Defendant from discharging or in any other manner discriminating or retaliating against you because you "opt-in" to this lawsuit or in any other way exercise your rights under the Fair Labor Standards Act.

If you submit an Opt-In Authorization form, your continued right to participate in this lawsuit may be affected later by a decision that you are not "similarly situated" with any of the named Plaintiffs in accordance with federal law.

### IV. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by these lawyers, referred to elsewhere in this notice as "Plaintiffs' Counsel":

DANIEL MARKS, ESQ. and ADAM LEVINE, ESQ.
LAW OFFICE OF DANIEL MARKS
610 South Ninth Street
Las Vegas, Nevada 89101
TEL (702) 386-0536 | FAX (702) 386-6812 | EMAIL office@danielmarks.net

### V. LEGAL EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment of the court, whether it is favorable or unfavorable, on all issues relating to the FLSA that are decided by the court. This lawsuit does not include any claims other than compensation for lunch hours and/or overtime-compensation claims under the FLSA. While this lawsuit is pending, you may, among other things, be required to provide information, sit for depositions, and, if the case proceeds to trial or it is otherwise necessary, to testify in court.

Plaintiffs' Counsel has taken this case on a contingency basis and may be entitled to receive attorney's fees and costs from defendant should there be a recovery or judgment in Plaintiffs' favor. If there is a recovery, Plaintiffs' Counsel will receive part of any settlement obtained or money judgment entered in Plaintiffs' favor. If there is no recovery or judgment in Plaintiffs' favor, Plaintiffs' Counsel will not seek any attorney's fees from any of the Plaintiffs.

You have the right to consult with or retain other counsel, but by joining this lawsuit, you designate the named Plaintiffs as your agents to make decisions on your behalf concerning the lawsuit, like the method and manner of conducting or settling the lawsuit. The decisions and agreements made and entered into by the named Plaintiffs will be binding on you if you join this lawsuit.

### VI. LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment, or settlement entered in this case, favorable or unfavorable. If you choose neither to join this lawsuit nor to file your own lawsuit, some or all of your potential claims may later be barred by the applicable statute of limitations.

## VII.  DEADLINE TO SUBMIT AN OPT-IN AUTHORIZATION FORM

If you believe you fall within the category of persons identified in paragraph II above and desire to become a party to this lawsuit, you must completely fill out the attached Opt-In Authorization form and return it to Plaintiffs' Counsel on or before _____, **2016**.  Persons whose Opt-In Authorization forms are not provided to Plaintiffs' Counsel by _____, **2016**, will not be permitted to join this lawsuit.

## VIII.  FOR ADDITIONAL INFORMATION

To obtain a copy of the complaint or other documents filed in this lawsuit, or for other information, contact Plaintiffs' Counsel.

**Do not contact the court, the court's clerk, or the judge.  They are not permitted to address your inquiries or questions.**

Dated:_____, 2016

By:
DANIEL MARKS, ESQ.
ADAM LEVINE, ESQ.
LAW OFFICE OF DANIEL MARKS
610 South Ninth Street
Las Vegas, Nevada 89101
TEL (702) 386-0536
FAX (702) 386-6812
EMAIL office@danielmarks.net

# Appendix B

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

TRINA BRITAIN, et al,

    Plaintiffs,

v.

CLARK COUNTY, NEVADA

    Defendant.
_____/

Case No. 2:12-cv-01240-JAD-NJK

## Opt-In Authorization

I am a current or former employee of CLARK COUNTY, and I hereby consent to sue CLARK COUNTY, for unpaid overtime compensation and other injunctive relief under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et. seq.*

I worked in the position of bailiff/marshal for Clark County, Nevada from on or about _____ to on or about _____. ☐ *please check if employment is continuing*

I hereby designate the LAW OFFICE OF DANIEL MARKS, to represent me in this action.

DATED:_____, 2015    Signed:_____
                                                         (Signature)

Name (print legibly) _____
Address: _____

                (City)        (State)   (Zip)

Telephone: _____
Email Address: _____

**Return To:**
Daniel Marks, Esq. (#002003)
Adam Levine, Esq. (#004673)
LAW OFFICE OF DANIEL MARKS
610 South Ninth Street
Las Vegas, Nevada 89101
T: (702) 386-0536
F: (702) 386-6812
email: office@danielmarks.net
*Attorneys for Plantiffs*