UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRINA BRITAIN, et al.,

               Plaintiff(s),

vs.

CLARK COUNTY, NEVADA,

               Defendant(s).

Case No. 2:12-cv-01240-JAD-NJK

ORDER

      Pending before the Court are a variety of motions regarding a dispute as to the representation of various Plaintiffs in this case.

      First, The Law Offices of Steven J. Parsons ("Parsons") filed a motion to substitute attorneys on behalf of certain named plaintiffs and certain opt-in plaintiffs. Docket No. 160. Current counsel for those plaintiffs, the Law Offices of Daniel Marks ("Marks & Levine"), filed a response in partial opposition. Docket No. 162. Parsons filed a reply. Docket No. 164.

      Second, Parsons filed a motion to submit additional evidence. Docket No. 165. Marks & Levine filed a response in opposition. Docket No. 171.

      Third, Marks & Levine filed a motion to strike. Docket No. 169. Parsons filed a response in opposition. Docket No. 173. Marks & Levine filed a reply. Docket No. 176.

      Fourth, Marks & Levine filed a motion for sanctions. Docket No. 170. Parsons filed a response in opposition. Docket No. 174. Marks & Levine filed a reply. Docket No. 177.

      The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1.

## I. Motion to Substitute–Named Plaintiffs

Parsons wishes to be substituted as counsel for nine of the named plaintiffs. Docket No. 160 at 5. Through briefing the motion to substitute, Parsons and Marks & Levine appear to be in agreement that such substitution is permissible with respect to these named plaintiffs in their individual capacities. *See, e.g.*, Docket No. 162 at 3-4. Moreover, Parsons has clarified that he is not seeking through the instant motion to represent the named plaintiffs in their representative capacity. Docket No. 164 at 4. With that agreement and understanding in mind, the Court **GRANTS** the motion for Parsons to be substituted as counsel for Trina Britain, Ronald Brooks, Nubia Grajeda, Kenneth Hawkes, Eric Prunty, Tom Serrano, Michael Smith, and Lamons Walker in their individual capacities only, with Marks & Levine remaining as their counsel in their representative capacities.

## II. Motion to Substitute–Opt-In Plaintiffs

Parsons also wishes to be substituted as counsel for 38 of the opt-in plaintiffs. Docket No. 160 at 5-6. United States District Judge Jennifer A. Dorsey considered the applicable factors and determined that Marks & Levine can fairly and adequately perform the role of interim class counsel in this matter. Docket No. 118 at 9. The notice to potential members of the collective action further explained the role of Marks & Levine. As an initial matter, that notice explained:

> You have a right to consult or retain other counsel, but by joining this lawsuit, you designate the named Plaintiffs as your agent to make decisions on your behalf concerning the litigation such as the method and manner of conducting or settling the litigation.

Docket No. 111-1 at 4-5. The notice went on to explain the impact of joining the litigation with respect to the choice of counsel: "If you choose to join this lawsuit, your interest will be represented by the attorneys listed below: DANIEL MARKS, ESQ., ADAM LEVINE, ESQ., LAW OFFICE OF DANIEL MARKS." *Id.* at 5. Hence, the notice is clear: while a would-be opt-in plaintiff has the right to consult or retain counsel, once they join the lawsuit their interests are represented by the named plaintiffs and the attorneys Marks & Levine. Indeed, Parsons' reply acknowledges that "once a prospective collective action member opts-in to the collective, they consent to the named Plaintiffs representing their interests through collective action counsel." Docket No. 164 at 5.

1  The reply clarifies that Parsons really only seeks to represent these opt-in plaintiffs in their "individual" capacity. The Court is unclear exactly what it is Parsons intends to do on behalf of these opt-in plaintiffs. Generally speaking, opt-in plaintiffs are not actively involved in litigating the case, as Parsons himself implicitly recognizes. *See id.* at 5 (Parsons' assertion that he hopes to protect these plaintiffs' interests "insofar as we are able to in our role as individual counsel").[1] Hence, any personal attorney they hire similarly would not actively participate in the litigation. Instead, the active participation in the litigation falls on the shoulders of the named plaintiffs, who represent the opt-in plaintiffs, and the appointed class counsel. *See, e.g.*, Docket No. 111-1 at 4-5. The rules governing substitution of counsel are concerned with determining which attorney can <u>appear and act in the litigation</u> on behalf of a party. *See* Local Rule IA 11-6. Parsons has failed to explain what–if anything–he intends to do on behalf of the opt-in plaintiffs in this litigation.[2]

Accordingly, Parsons' motion to substitute as counsel for opt-in plaintiffs is **DENIED** without prejudice.

### III.   Alleged Ethical Violations

Parsons alleges that Marks & Levine committed various ethical violations. *See, e.g.*, Docket No. 160 at 6-8. Marks & Levine counter that Parsons has committed ethical violations. *See, e.g.*, Docket No. 169 at 14. Both sides deny any wrongdoing. The Court finds the competing allegations of ethical violations do not alter the determination above as to the matters currently before the Court, which are limited to whether Parsons can represent certain named plaintiffs and certain opt-in plaintiffs in their individual capacities.

The motion to submit evidence at Docket No. 165 is **DENIED** as unnecessary. The motion to strike the reply brief at Docket No. 169 is **GRANTED**, and the Clerk's Office is **INSTRUCTED**

---

[1] In some cases, opt-in plaintiffs may have some limited role in a collective action. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1146 (D. Nev. Oct. 16, 2015) (addressing case law permitting limited discovery on subset of FLSA collective action opt-ins). That does not appear to be the situation with respect to the opt-in plaintiffs at issue in Parsons' motion.

[2] To the extent these opt-in plaintiffs wish to retain Parsons as a personal advisor regarding these proceedings who will not appear or act on their behalf in the litigation, Parsons has failed to explain why court approval is required.

to strike Docket No. 164.³  The counter-motion for sanctions at Docket No. 170 is **DENIED** for failing to cite any rule or legal source on which sanctions can be based.  *See* Docket No. 170 at 14-15; *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not address arguments that are not meaningfully developed).⁴

**IV.   Conclusion**

As outlined above, the Court orders as follows:

- Parsons' motion to substitute attorneys (Docket No. 160) is **GRANTED** in part and **DENIED** in part.
- Parsons' motion to submit evidence (Docket No. 165) is **DENIED**.
- Marks & Levine's motion to strike (Docket No. 169) is **GRANTED**, and the Clerk's Office is **INSTRUCTED** to strike Docket No. 164.
- Marks & Levine's motion for sanctions (Docket No. 170) is **DENIED**.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

³ The Court does not resolve herein the attorney-client issues raised.  Nonetheless, the information provided was not necessary to resolve the issues before the Court and it will err on the side of caution to protect potentially privileged information by striking the filing.

⁴ There is obvious animosity between counsel.  Nonetheless, briefs filled with condescension, hyperbole and unnecessary personal attacks are not looked upon favorably.  To the extent counsel are compelled to repeat their allegations of unethical conduct, they are entering treacherous waters and should try not to sink their own ship during that voyage.