# EXHIBIT "1"
# Collective Action Settlement Agreement and Release

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Collective Action Settlement Agreement and Release ("Settlement Agreement") is entered into and effective upon its execution by all Parties hereto. It is made by Trina Britain, Karl Beavers, Ronald Brooks, Bret Cegavske, Billy Crank, Dennis Curran, Kevin Eckhart, Kenneth Hawkes, Ian Massy, Ric Moon, Nubia Grajeda, Michael Petty, Karen Pixler, Eric Prunty, Anthony Russo, Tom Serrano, Anthony Smith, Michael Smith, Enrique Stiegelmeyer, Anthony Vogel, and Lamons Walker ("Named Plaintiffs"), on behalf of themselves and others similarly situated, and Clark County ("Defendant"). Named Plaintiffs and Defendant shall be collectively referred to herein as the "Parties."

## RECITALS

A.   Named Plaintiffs filed the case styled *Trina Britain, et al. v. Clark County, Nevada*, No. 2:12-cv-1240-JAD-NJK, in the United States District Court for the District of Nevada (the "Lawsuit").

B.   In the Lawsuit, Named Plaintiffs, assert that they and certain other similarly situated individuals were not paid all overtime to which they were entitled, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants deny Named Plaintiffs' allegations and assert affirmative defenses.

C.   After substantial negotiations and the exchange of class data and damage calculations, the Parties have agreed to settle the Lawsuit according to the terms of this Settlement Agreement (the "Settlement").

D.   The Parties have agreed to settle the Lawsuit on a class-wide basis. The settlement class consists of: (1) Named Plaintiffs; and (2) the 68 additional individuals who consented to join the Lawsuit pursuant to 29 U.S.C. § 216(b). Collectively, these individuals are referred to as "Class Members."

E.   The Parties have agreed that each Class Member will be mailed the "Notice of Settlement of Collective Action Lawsuit" (the "Notice") attached as Exhibit A.

F.   Class Members, including Named Plaintiffs, are represented by the Law Offices of Daniel Marks (the "Class Counsel"). Certain Class Members, including certain Named Plaintiffs, are also represented by the Law Offices of Steven J. Parsons (the "Separate Counsel").

G.   Defendants are represented by Lewis Brisbois Bisgaard & Smith LLP.

H.   Class Counsel and Separate Counsel have made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to the Settlement, Class Counsel and Separate Counsel have considered: (a) the facts developed during discovery and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiffs, Class Counsel, and Separate Counsel have concluded that the terms of this Settlement are

fair, reasonable and adequate, and that it is in the best interests of all Class Members to settle their claims against Defendant pursuant to the terms set forth herein.

   I.   Defendant denies the allegations asserted and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Settlement Agreement because it will eliminate the burden, risk, uncertainty, and expense of further litigation. Except for purposes of this Settlement, neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing, or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in the Lawsuit or any other case.

   J.   The Parties recognize that notice to some or all of the Class Members of the material terms of this Settlement, as well as Court approval of this Settlement, is required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants approval of it and the Settlement becomes effective.

   K.   The Parties stipulate and agree that this court conditionally certified this action as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b). Should this Settlement not become final, such stipulation shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

   L.   In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that each Class Members' claims against the Defendants shall be settled, compromised, and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Class Members, in the manner and upon the terms and conditions set forth below.

   **NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

**1.   SETTLEMENT AMOUNT**

   In consideration of the releases, dismissal, and promises set forth in this Settlement Agreement, Defendant agrees to pay the total sum of TWO HUNDRED FIFTY THOUSAND DOLLARS and 00/100 cents. ($250,000.00) (the "Settlement Amount"). The Settlement Amount is "all-inclusive", including: (1) any unpaid minimum wage, overtime pay, other wages, incentive compensation, liquidated damages, other damages, reimbursement, and/or penalty allegedly owed to the Named Plaintiffs, the Class Members, Class Counsel, Separate Counsel, or any other entity because of, associated with, or relating to the claims made in the Lawsuit; (2) interest, attorneys' fees, costs, and expenses, including the Attorneys' Fees and Cost Payment (as defined in Paragraph 9); (3) all Individual Settlement Payments (as defined in Paragraph 5(a)); and (4) employee-paid

withholding and payroll taxes. Under no circumstances will Defendant's liability for payments in the Lawsuit exceed the Settlement Amount.

The Settlement Amount shall consist of the Individual Settlement Payments (defined in Paragraph 5(a)) and the Attorneys' Fees and Cost Payment (defined in Paragraph 9). The Settlement Amount will be distributed as set forth in this Settlement Agreement. All checks, including those for the Individual Settlement Payments and the Attorneys' Fees and Cost Payment will be mailed to Class Members, Class Counsel, and Separate Counsel, respectively, within fifteen (15) days of the Court approving this Settlement.

**2.    OTHER TERMS**

In consideration of the releases, dismissal, and promises set forth in this Settlement Agreement, Defendant agrees to reclassify all Judicial and Administrative Marshals (Bailiffs) to a Schedule I27, all Supervisory Bailiff's to a Schedule I28, and the Court Security Administrator to an I30. All Marshals will receive an increase to the bottom of their respective new pay range or three percent (3%), whichever is greater. All increases will be effective starting May 6, 2017, and will be so applied when the court approves the settlement and be retroactive back to May 6, 2017.

**3.    NAMED PLAINTIFFS' GENERAL RELEASE**

In exchange for the benefits to be received by Named Plaintiffs and Class Members under this Settlement Agreement, upon the Court's entry of an order approving this Settlement Agreement, Named Plaintiffs release and forever discharge Defendant and any of their past, present, and future departments, divisions, agents, employees, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers from any and all state, local, or federal claims, demands, violations of rules or regulations, or any other causes of action, whether known or unknown, based upon the facts and allegations set forth in the Complaint filed in the Lawsuit, including any allegations that they are entitled to payment for back pay and / or overtime wages pursuant to the Fair Labor Standards Act, or any claim and / or grievance based upon a rule, regulation, statute, ordinance, public policy, law, or common law tort based upon any actions or omissions described in the Lawsuit that have occurred up to and including the date of the Court's order approving this Agreement.

Each Named Plaintiff represents, acknowledges, and affirms that, with the exception of this Lawsuit, he or she has not filed or otherwise initiated any other lawsuit, complaint, allegation of wrongdoing, allegation or assertion of wrongful or illegal conduct, charge, demand or any other type of proceeding against Defendant in or with any local, state, or federal court or local, state, or federal governmental agency, commission, official, department or enforcement authority based upon the facts and allegations set forth in the Complaint filed in the Lawsuit. Each Named Plaintiff expressly waives any right to damages, any other legal and equitable relief, attorney's fees or costs, award or recovery under any local, state, or federal law and any whistleblower laws and regulations (including, without limitation, any state or federal false claims acts or statutes), in connection with any legal proceedings, agency proceedings, administrative proceedings, enforcement or investigatory proceedings and any lawsuit that is filed, brought, initiated or pursued in the future and which is in any way related to the claims, causes of action, damages and relief released herein.

Nothing in this Agreement is intended to or shall prohibit, limit, or otherwise interfere with Named Plaintiffs' rights under federal, state or local employment discrimination laws (including, without limitation, the ADEA and Title VII) to communicate or file a charge with, or participate in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission ("EEOC") or similar federal, state or local government body or agency charged with enforcing employment discrimination laws. Therefore, nothing this agreement shall prohibit, interfere with, or limit Named Plaintiffs from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by, the EEOC or similar federal, state, or local agency. However, Named Plaintiffs shall not be entitled to any relief or recovery (whether monetary or otherwise), and Named Plaintiffs hereby waive any and all rights to relief or recovery, under, or by virtue of, any such filing of a charge with, or investigation, hearing or proceeding conducted by, the EEOC or any other similar federal, state, or local government agency relating to any claim that has been released in this agreement.

Nothing in this agreement is intended to or shall prohibit, limit, or otherwise interfere with Named Plaintiffs' right to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Named Plaintiffs from cooperating with any such agency in its investigation.

4. **CLASS MEMBERS' GENERAL RELEASE**

It is agreed and understood that in exchange for the benefits received under this Agreement, and upon the Court's entry of an order approving this Agreement, Class Members shall be deemed to have released and forever discharged Defendant and any of their past, present, and future departments, divisions, agents, employees, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers from any and all state, local, or federal claims, demands, violations of rules or regulations, or any other causes of action, whether known or unknown, based upon the facts and allegations set forth in the Complaint filed in the Lawsuit, including any allegations that they are entitled to payment for back pay and / or overtime wages pursuant to the Fair Labor Standards Act, or any claim and / or grievance based upon a rule, regulation, statute, ordinance, public policy, law, or common law tort based upon any actions or omissions described in the Lawsuit that have occurred up to and including the date of the Court's order approving this Agreement.

5. **DISTRIBUTION OF SETTLEMENT PROCEEDS**

   (a) **Payment of Settlement Amount**

As set forth in Paragraphs 9 of this Settlement Agreement, a portion of the Settlement Amount will be issued to Class Counsel and Separate Counsel as an Attorneys' Fees and Cost Payment (defined in Paragraph 9). The remainder of the Settlement Amount, a sum of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00), will be paid to the Class Members. Each Class Member's Individual Settlement Payment shall be equal, that is ONE THOUSAND TWO HUNDRED SIXTY FIVE and 82/100 DOLLARS ($1,265.82) each in alleged wages. Based upon this allotment of Individual Settlement Payments, Defendant will issue each Class Member a check for his or her alleged wages, which will be reported to the IRS on Form W-2

and will be reduced by the employee's share of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee's share of the FICA tax. Defendant shall make all withholdings and deductions and issue all IRS tax forms.

    **(b)**    **Payment of Settlement Funds Will Not Have Any Effect on Any Employee Benefit Plan and Similar Plans**

No Individual Settlement Payment is or shall be deemed to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation, and/or wages under any employee benefit plan or employment policy the Defendant. No Individual Settlement Payment shall form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan or employment policy of the Defendant or any jointly trusteed benefit plans. Defendant retains the right to modify and/or amend the language of any of their employee benefit plans and employment policies and to seek to have modified and/or amended the language of any jointly administered benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by either Party as compensation or wages or payments for "hours worked" as defined by the applicable plans and policies and that no additional contributions or benefits will be provided by reason of this Agreement.

    **(c)**    **Responsibility for Taxes and Indemnification**

Class Members shall be responsible for remitting to the appropriate federal and/or state taxing authorities any applicable taxes due on Individual Settlement Payments received under this Settlement Agreement. Named Plaintiffs expressly acknowledge that Defendant has made no representations to them or to any Class Members regarding the tax consequences of any of the payments received pursuant to the Agreement. Named Plaintiffs agree that each of them and each Class Member is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that is required for the payments.

Named Plaintiffs agree that, in the event it subsequently should be determined that withholding or payment of taxes on any amounts received by them or Class Members under this Agreement, or any part thereof, should have been made, whether by the Named Plaintiffs, Class Members, or Defendant, the Named Plaintiff or Class Member who was the payee shall be solely responsible for all such taxes, interest or penalty incurred by Defendant.

**6.**    **NOTIFICATION OF SETTLEMENT TO CLASS MEMBERS**

No later than ten (10) days after execution of this Agreement, Class Counsel shall send to each Class Member the Notice attached as Exhibit A to this Settlement Agreement via U.S. first class mail.

**7.**    **EXECUTION OF THIS SETTLEMENT AGREEMENT**

Full execution of this Settlement Agreement requires the signatures of all Named Plaintiffs.

8. **APPROVAL OF THE SETTLEMENT AND DISMISSAL ORDER**

Within ten (10) days of the full execution of this Settlement Agreement, the Parties shall file a joint motion with the Court seeking approval of the Settlement. The motion shall request that the Court approve the settlement as fair, adequate, and reasonable and enter an order dismissing the Lawsuit with prejudice. Counsel for the Parties shall work cooperatively and in good faith to prepare the motion, as well as any other documents necessary to effectuate the provisions of this Agreement.

The Parties' settlement is contingent on Court approval of this Settlement Agreement as written. In the event the Court does not grant approval of this Settlement Agreement, the Settlement Agreement shall be null and void and of no effect, and any order entered by the Court in furtherance of the Settlement Agreement shall be treated as void *ab initio*. In the event this Settlement Agreement becomes void pursuant to this Paragraph, the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of the Settlement Agreement, and they shall proceed in all respects as if this settlement and any related Court order had not been executed or entered.

9. **PAYMENT FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

The Parties have negotiated independently with respect to attorneys' fees, costs, and expenses, which are reflected as part of the Settlement Amount for purposes of this Settlement and referred to as the "Attorneys' Fees and Costs Payment." Defendant will pay a negotiated Attorneys' Fees and Costs Payment in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 CENTS ($150,000.00). In no event shall Class Counsel, Separate Counsel, Named Plaintiffs, or Class Members request an award of attorneys' fees, costs, and expenses exceeding $150,000.00. The Attorneys' Fees and Costs Payment made by Defendant pursuant to this Settlement Agreement shall constitute full satisfaction of its obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, costs, or expenses in this Lawsuit, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees, costs, or expenses to which any of them may claim to be entitled on behalf of Named Plaintiffs and/or Class Members.

To fulfill the Attorneys' Fees and Costs Payment, Class Counsel and Separate Counsel are required to provide Defendant with an executed U.S. Treasury Department Form W-9. Within fifteen (15) days of receipt of the Form W-9s and the execution of this agreement, Defendant will issue checks as follows:
   (1) One Hundred Seventeen Thousand Five Hundred ($117,500.00) payable to the "Law Offices of Daniel Marks"; and
   (2) Thirty Two Thousand Five Hundred ($32,500.00) payable to the "Law Offices of Steven J. Parsons".

**10.    INADMISSIBILITY OF SETTLEMENT AGREEMENT**

Except for purposes of settling this Lawsuit and defending against future claims released by virtue of this Settlement, neither this Settlement Agreement, nor any of its terms, nor any document, statement, proceeding or conduct relating to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

**11.    THIS SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE**

The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Settlement Agreement through substantial, arm's-length negotiations, taking into account all relevant factors, present and potential. This Settlement Agreement was reached after extensive negotiations and exchange of information.

**12.    USE OF DOCUMENTS AND INFORMATION**

The Named Plaintiffs, Class Counsel, and Separate Counsel agree that none of the documents and information provided to them by Defendant in connection with the Lawsuit shall be used for any purpose other than the prosecution of the Lawsuit and in connection with this Settlement.

Nothwithstanding the foregoing, the Settlement Agreement may be introduced as evidence in any proceeding only for the purposes of enforcing its terms and/or to evidence the Parties' intent in executing it. The Agreement shall not be admissible of evidence in any proceeding for any other purpose. In the event suit is brought to enforce, or to recover damages suffered as a result of breach of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of suit.

**13.    AMENDMENT OR MODIFICATION**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**14.    ENTIRE AGREEMENT**

This Settlement Agreement, including Exhibits, constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties, or inducements have been made to any Named Plaintiff or Class Member concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement. Defendant's obligations to Named Plaintiffs, Class Members, and/or their counsel are limited to those expressly set forth herein. Defendant shall not be responsible for – and no person participating in this settlement shall have any claim against Defendant for liability associated with – calculating the Individual Settlement Payments, for ensuring that Named Plaintiffs and Class Members receive the Individual Settlement Payments, or for locating Class Members for purposes of providing any notice required by this Agreement.

15. **INTERIM STAY OF PROCEEDINGS**

The Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the settlement.

16. **AUTHORIZATION TO ENTER INTO THE SETTLEMENT AGREEMENT**

Counsel for the Parties warrant and represent they are expressly authorized by their clients to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of this Settlement Agreement and Court approval. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

17. **BINDING ON SUCCESSORS AND ASSIGNS**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto.

18. **APPLICABLE LAW**

This Settlement Agreement shall be governed by and interpreted according to the laws of the State of Nevada.

19. **COMPUTATION OF TIME**

For purposes of this Settlement Agreement, if a prescribed period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Federal Rule of Civil Procedure 6(a)(6)), such time period shall be continued to the following business day.

20. **COUNTERPARTS**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. A signature transmitted by fax or PDF shall have the same effect as an original ink signature.

21. **JURISDICTION OF THE COURT**

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in

connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____   Date: May 12, 2017
Trina Britain

_____   Date: _____, 2017
Karl Beavers

_____   Date: 5-16-17, 2017
Ronald Brooks

_____   Date: 5-12-, 2017
Bret Cegavske

_____   Date: 5/12/17, 2017
Dennis Curran

_____   Date: 5/12/17, 2017
Kevin Eckhart

_____   Date: May 12, 2017
Kenneth Hawkes

_____   Date: May 12, 2017
Randy Hawkes

_____   Date: _____, 2017
Ian Massy

_____   Date: May 15th, 2017
Ric Moon

_____   Date: May 12th, 2017
Nubia Grajeda

_____   Date: 5/12, 2017
Michael Petty

_____   Date: 05/15, 2017
Eric Prunty

(signatures continued on next page)

connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date: _____, 2017
Trina Britain

_____  Date: _____, 2017
Karl Beavers

_____  Date: _____, 2017
Ronald Brooks

_____  Date: _____, 2017
Bret Cegavske

_____  Date: _____, 2017
Dennis Curran

_____  Date: _____, 2017
Kevin Eckhart

_____  Date: _____, 2017
Kenneth Hawkes

_____  Date: _____, 2017
Randy Hawkes

_____/s/ signed_____  Date: 5/17, 2017
Ian Massy

_____  Date: _____, 2017
Ric Moon

_____  Date: _____, 2017
Nubia Grajeda

_____  Date: _____, 2017
Michael Petty

_____  Date: _____, 2017
Eric Prunty

(signatures continued on next page)

_[signature]_ Date: 05/12, 2017
Anthony Russo

_[signature]_ Date: 05/16, 2017
Tom Serrano

_[signature]_ Date: 5-15-17, 2017
Anthony Smith

_____ Date: _____, 2017
Michael Smith

_[signature]_ Date: 05.12.17, 2017
Enrique Stiegelmeyer

_[signature]_ Date 05-16-17, 2017
Anthony Vogel

_[signature]_ Date: 05/15, 2017
Lamons Walker

**CLASS COUNSEL:**
_____ Date: _____, 2017
Law Offices of Daniel Marks

**SEPARATE COUNSEL:**
_____ Date: _____, 2017
Law Offices of Steven J. Parsons

**DEFENDANT:**
_____ Date: _____, 2017
Jessica Colvin, Chief Financial Officer, on behalf of Defendant Clark County

**DEFENDANTS' COUNSEL:**
_____ Date: _____, 2017
Lewis Brisbois Bisgaard & Smith LLP

_____    Date: 05/12, 2017
Anthony Russo

_____    Date: 05/16, 2017
Tom Serrano

_____    Date: 5-15-17, 2017
Anthony Smith

_____    Date: 05/18/17, 2017
Michael Smith

_____    Date: 05.12.17, 2017
Enrique Stiegelmeyer

_____    Date: 05-16-17, 2017
Anthony Vogel

_____    Date: 05/15, 2017
Lamons Walker

**CLASS COUNSEL:**

_____    Date: _____, 2017
Law Offices of Daniel Marks

**SEPARATE COUNSEL:**

_____    Date: _____, 2017
Law Offices of Steven J. Parsons

**DEFENDANT:**

_____    Date: _____, 2017
Jessica Colvin, Chief Financial Officer,
on behalf of Defendant Clark County

**DEFENDANTS' COUNSEL:**

_____    Date: _____, 2017
Lewis Brisbois Bisgaard & Smith LLP

|                    |                                                            | Date: _____, 2017 |
|--------------------|------------------------------------------------------------|----------------------------------|
|                    | Anthony Russo                                              |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Tom Serrano                                                |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Anthony Smith                                              |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Michael Smith                                              |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Enrique Stiegelmeyer                                       |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Anthony Vogel                                              |                                  |
|                    |                                                            | Date: _____, 2017 |
|                    | Lamons Walker                                              |                                  |

**CLASS COUNSEL:**

_____   Date: _____, 2017
Law Offices of Daniel Marks

**SEPARATE COUNSEL:**

*/s/ Steven J Parsons* (signature)
Law Offices of Steven J. Parsons   Date: *May 16*, 2017

**DEFENDANT:**

_____   Date: _____, 2017
Jessica Colvin, Chief Financial Officer,
on behalf of Defendant Clark County

**DEFENDANTS' COUNSEL:**

_____   Date: _____, 2017
Lewis Brisbois Bisgaard & Smith LLP

4844-6969-0439.1                                                            pg. 10



# EXHIBIT "A"

ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
CAYLA WITTY
Nevada Bar No. 12897
Cayla.Witty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
Clark County, Nevada

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| TRINA BRITAIN, KARL BEAVERS, RONALD BROOKS, BRET CEGAVSKE, BILLY CRANK, DENNIS CURRAN, KEVIN ECKHART, KENNETH HAWKES, RANDY HAWKES, IAN MASSY, RIC MOON, GRAJEDA NUBIA, MICHAEL PETTY, KAREN PIXLER, ERIC PRUNTY, ANTHONY RUSSO, TOM SERRANO, ANTHONY SMITH, MICHAEL SMITH, ENRIQUE STIEGELMEYER, ANTHONY VOGEL, and LAMONS WALKER,<br><br>         Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA<br><br>         Defendant. | CASE NO. 2:12-cv-1240-JAD-NJK |

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

TO:   ALL OPT-IN PLAINTIFFS

A proposed settlement (the "Settlement") has been reached in the collective action lawsuit currently pending in the United States District Court for the District of Nevada captioned *Trina Britain, et al. v. Clark County, Nevada*, No. 2:12-cv-1240-JAD-NJK, (the "Lawsuit").

Because you consented to join this lawsuit, your rights will be affected by this Settlement. This Notice of Settlement of Collective Action Lawsuit explains the terms of the Settlement and contains important information concerning your rights. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties in the Lawsuit.

4811-1990-2023.1

## INTRODUCTION AND DESCRIPTION OF THE LAWSUIT

The Plaintiffs in the Lawsuit are Trina Britain, Karl Beavers, Ronald Brooks, Bret Cegavske, Billy Crank, Dennis Curran, Kevin Eckhart, Kenneth Hawkes, Ian Massy, Ric Moon, Nubia Grajeda, Michael Petty, Karen Pixler, Eric Prunty, Anthony Russo, Tom Serrano, Anthony Smith, Michael Smith, Enrique Stiegelmeyer, Anthony Vogel, and Lamons Walker ("Plaintiffs"). The Defendant is Clark County ("Defendant").

Plaintiffs, individually and on behalf of all others similarly situated, generally assert in the Lawsuit that during their employment as deputy marshals and bailiffs, they were not paid all overtime to which they were entitled for time worked during meal period breaks, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and are therefore entitled to payment for overtime wages. Defendant denies Plaintiffs' allegations and asserts affirmative defenses. You previously chose to "opt-in" or join the claims. Therefore, this Notice is being provided to you.

To avoid the risks, uncertainties, and expenses associated with continued litigation, the Parties have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement. Defendant has agreed to make payments to be allocated among Plaintiffs and individuals like you who consented to join the claims.

## HOW MUCH CAN YOU EXPECT TO RECEIVE UNDER THE SETTLEMENT?

Defendant has agreed, as part of settlement of the claims of all Named Plaintiffs and Class members, to reclassify all Judicial and Administrative Marshals (Bailiffs) to a Schedule I27, all Supervisory Bailiff's to a Schedule I28, and the Court Security Administrator to an I30. All Marshals will receive an increase to the bottom of their respective new pay range or three percent (3%), whichever is greater. All increases will be effective starting May 6, 2017, and will be so applied when the court approves the settlement.

Defendant has also agreed to pay the total sum of $100,000, to be divided equally between the Named Plaintiffs and Class Members. Under the allocation of the settlement funds agreed to by the parties, you are entitled to receive approximately $1,265.82 (minus applicable payroll taxes).

Neither Plaintiffs' attorneys nor Defendant's attorneys make any representations concerning the tax consequences of the Settlement or your receipt of money under it. It is your responsibility to determine and pay any taxes due, just as you would for any other paycheck you receive. If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult a tax advisor at your expense.

## NO RETALIATION

Defendant will not take any adverse action against current or former employees who either choose to participate in the Settlement or decide not to do so.

## TAXES

For tax reporting purposes, payments made pursuant to the Settlement shall be deemed payment in settlement of claims for unpaid wages. As such, the payment will be subject to required withholdings and deductions by Defendant and will be reported as wage income on a Form W-2 to be issued by Defendant, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

## WHAT ARE YOUR OPTIONS?

If for any reason you do not believe the Settlement or the money you will receive is fair, adequate and reasonable, you can object to it and the Court will consider your views. In order to object to the Settlement, you can send a letter or writing of any kind, explaining the reasons for your objection, to the U.S. District Court at the following address:

Judge Jennifer A. Dorsey
Lloyd D. George U.S. Courthouse, U.S. District Court
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Your objection should be sent in a manner that ensures it is received by the Court by [seventeen days after mailing]. Be sure to include your name, address, telephone number, and the case number [2:12-cv-1240-JAD-NJK] on your letter. You should also copy Plaintiff's representative counsel. You may be asked by the Court to appear at a hearing to address your concerns.

## WHAT EFFECT WILL THIS SETTLEMENT HAVE ON MY CLAIMS?

It is agreed and understood that in exchange for the benefits received under the Settlement, and upon the Court's entry of an order approving this Settlement Agreement and your receipt of the money to which you are entitled under the Settlement, you will be deemed to have released and forever discharged Defendant and any of their past, present, and future departments, divisions, agents, employees, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers from any and all state, local, or federal claims, demands, violations of rules or regulations, or any other causes of action, whether known or unknown, based upon the claims, facts, and allegations set forth in the Complaint filed in the Lawsuit, including any allegations that that they are entitled to payment for overtime wages, or any claim or grievance based upon a rule, regulation, statute, ordinance, public policy, law, or common law tort based upon any actions or omissions described in the Complaint that have occurred up through the time the parties executed the Collective Action Settlement Agreement and Release.

**WHAT IF YOU HAVE QUESTIONS?**

      This Notice only summarizes the Litigation, the Settlement, and related matters. If you wish to review the Complaint that was filed in the Lawsuit or other filings in this matter, you can go online to review court documents. If you have any questions regarding the Settlement, you may contact Plaintiffs' representative counsel. His contact information is below:

> Daniel Marks, Esq.
> LAW OFFICES OF DANIEL MARKS
> 610 South Ninth Street
> Las Vegas, Nevada 89101
>
> office@danielmarks.net
> (702) 386-0536