1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                              **DISTRICT OF NEVADA**
10
11   TRINA BRITAIN, et al.,              )          Case No. 2:12-cv-01240-JAD-NJK
                                         )
12                  Plaintiff(s),        )          ORDER
                                         )
     vs.                                 )
13                                       )
     CLARK COUNTY, NEVADA,               )
14                                       )
                    Defendant(s).        )
15   ────────────────────────────────────)

16          Pending before the Court is Plaintiffs' motion to enforce a settlement agreement.  Docket No.

17   203.  Defendant filed a response and Plaintiffs filed replies.  Docket Nos. 209, 211-12.[1]

18          The briefing suffers from several threshold problems.  First, Defendant's brief contends that "the

19   Board of County Commissioners for Clark County did not approve the settlement."  Docket No. 209 at

20   3.  The evidentiary support submitted with the motion is equivocal, however.  *See* Docket No. 209-1 at

21   ¶ 5 ("It is my understanding that the Board of County Commissioners will not approve the settlement

22   at this time"); Docket No. 209-2 at ¶ 19 ("I do not believe the Board of County Commissioners will

23   agree to finalize the settlement . . .").  These declarations are not sufficient.  To the extent the Board has

24   rejected the terms of settlement, a declaration so stating must be filed.

25          Second, when the Court excuses government officials with ultimate decision-making authority

26   from personally attending a settlement conference, it does so based on the requirement that the

27

28   ───────────────────────

            [1] The Court expresses no opinion herein as to the ultimate merits of the pending motion.

1  representatives who do attend will submit a "recommendation" to those officials that agreed upon

2  settlement terms be accepted. *See* Fed. R. Civ. P. 16, Advisory Committee Notes (1993); *see also*

3  Docket No. 52. Indeed, defense counsel expressly agreed to "recommend" that the Board adopt the

4  settlement terms reached at the settlement conference. *See* Docket No. 201 at 6. The declaration

5  submitted in responding to the pending motion fails to state that such an affirmative recommendation

6  was made, however, asserting only that counsel "met with the Board . . . to present the terms" of the

7  settlement. *See* Docket No. 209-1 at ¶ 4. Such a statement is insufficient to show that counsel fulfilled

8  his obligations as represented to the Court to affirmatively recommend accepting the settlement terms

9  reached.[2]

10  Third, Plaintiffs contend that Defendant agreed to address the settlement terms in open session.

11  *See* Docket No. 203 at 3; *see also* Docket No. 211 at 2; Docket No. 212 at 4-5. Defendant's counsel,

12  however, addressed the issue with the Board in closed session. *See* Docket No. 209-1 at ¶ 4. Defendant

13  shall respond to Plaintiffs' contention that an open session discussion was required.

14  Defendant is hereby **ORDERED** to file, no later than August 11, 2017, a declaration stating

15  unequivocally that the Board has either rejected or accepted the settlement terms. In the event the Board

16  rejected the settlement, Defendant is further **ORDERED** to file, no later than August 11, 2017, (1) a

17  declaration as to whether its counsel affirmatively recommended that the Board accept the settlement

18  and (2) a response to Plaintiffs' contention that an open session discussion was required.

19  IT IS SO ORDERED.

20  DATED: July 21, 2017

21  _____

22  NANCY J. KOPPE
   United States Magistrate Judge

23

24  [2] Based on such an understanding, the parties and the Court expended their resources preparing for

25  and participating in more than 17 hours of settlement conferences in this case. Docket No. 55 (minutes of proceedings of first settlement conference lasting nearly four hours); Docket No. 61 (minutes of proceedings

26  of second settlement conference lasting more than four hours); Docket No. 200 (minutes of proceedings of third settlement conference lasting more than nine hours); *see also* Docket Nos. 50, 51, 53, 59, 60, 62, 65,

27  67, 83, 189, 192, 194, 198, 199, 202, 204, 205, 207 (hearings and orders addressing issues related to

28  settlement conferences).